Battle, J.
 

 There is one ground upon which the judgment below must be affirpied, which makes it altogether unnecessary for us to consider any other. A holograph script, do be good as a will, must “ be found among the valuable papers or effects” of the deceased, or must
 
 “
 
 have been lodged in the hands of some person for safe-keeping.” 1 Rev. Stat. 122, sec. 1. (In the Rev. Code, ch. 119, sec. 1, which, however, does not apply to this case, the holograph script must “ be found among the valuable papers
 
 and
 
 effects” of the dec’d). It is not pretended, in this case, that the script was ever deposited with any person for safe-keeping, but it is sought to be established as a will, because of its having been found among valuable papers, or effects, of the deceased. We cannot give our assent to the proposition, that the papers or effects, as proved, were valuable papers or effects of the deceased, and we believe that a proper construction of the act will lead to the conclusion that they were not so.
 

 The statute of frauds in England, in relation to wills, and our act upon the same subject, have in view the same object, namely, the protection of the heirs-at-law, and next of kin of a decedent, from the effect of a forged or false paper as a will. Eor that purpose, many forms and ceremonies are required to be observed in the execution of such instruments. With re
 
 *497
 
 gard to attested wills, the requisites of the English, and our statute, except as to the number of witnesses, are substantially the same. It is well known to the profession how strictly —we may say sternly, the courts, in both countries, have demanded a compliance with these provisions of the law. The same'policy must govern us, when we come to decide, whether the requisitions of our statute have been complied with in the execution of a paper-writing, propounded as a holograph will. One alternative requisition of the statute is, that it must
 
 “
 
 be found among the valuable papers or effects” of the alleged testator. Before we proceed to enquire whether the proof in the case before us comes up to this requisition, it is proper for us to notice that the act does not say “ among valuable papers or effects,” or “ among any valuable papers or effects,” but uses the definite article
 
 the,
 
 saying
 
 “
 
 among
 
 the
 
 valuable papers and effects.” In many, if not most cases, the deceased will be found to have kept his notes, deeds, and other papers, together with his money, and other valuable effects, in one drawer, or other place of deposit, and that will be the place where his will ought to be found. If he have more than one such place of deposit for his “valuable papers or effects,” aud his holograph script be found in either, wo will not undertake to pronounce that it shall not be proved as a will; but if one of the places have papers or effects, of little or no value, we certainly cannot say that a script, found there, is among the valuable papers or effects of the deceased. Papers of no appreciable value lying loose and scattered over the bottom of a drawer, cannot, with any propriety, be called valuable papers at all, but they certainly cannot be
 
 the
 
 valuable requisites, when compared with deeds, notes, and other papers, relating to important transactions, found in another drawer, tied up in bundles and labelled. The same remark may be made with regard to an article of property worth only the fraction of a dollar, put in one drawer, compared with several articles worth many dollars, deposited in another. The former cannot be called, in any just sense,
 
 the
 
 valuable effects of the testator. Such was the comparative
 
 *498
 
 condition of the two drawers, as made out, by the proof, in the case before us. In the one, which contained the valuable papers and effects, the script was
 
 not
 
 found, and yet, that is the place where the deceased would almost certainly have put it, if he had intended it to operate as a will disposing of his whole estate. In the other, it was found among loose receipts, an old coj>y-book, and a purse, which had belonged to one of his deceased children, containing a few pieces of silver, amounting, in all, to eighty cents, and also among several imperfect instruments of a testamentary character. There, the script in question, might well have been looked for, if it were regarded by the writer as yet incomplete, and the maxim,
 
 noscitur a sociis,
 
 might well apply to it.
 

 But it is objected that a construction which would reject a paper, found under the circumstances proved in this case, is too strict, and may disappoint the intention of many persons who wished, and intended to die testate. The reply is, that it will be more likely to uphold the policy of the statute in its attempts to prevent heirs, and next of kin, from being deprived of their just rights. It is not more strict than the construction which has been put upon that clause of the statute which requires the paper to be attested in the presence of the testator; and -we think both necessary to accomplish the beneficent purposes of the statute.
 

 This particular objection was decided against the defendants, and the verdict and judgment were given in their favor upon another ground, but as this ought to have been decided for them, and is -fatal to the probate of the script as a will, we must affirm the judgment, without reference to the other objections.
 

 Pee Cdeiam. Judgment affirmed.