Battle, J.
 

 The objections to the validity of the script propounded for probate as the last 'will and testament of William S. Ward were of two kinds: first, that the deceased intended to make and publish it as an attested, and not as a holograph will, and that therefore it was never so completed as to operate as a will; secondly, that if it were a holograph paper it was not found among the valuable papers and effects “ of the deceased, nor was it lodged in the hands of some person for safe keeping.”
 

 1. The first objection is fully answered by the two cases of
 
 Harrison
 
 v. Burgess, 1 Hawks, 384, and
 
 Brown
 
 v. Beaver,
 
 3
 
 Jon., 516. In the former it was held that the fact of there being the signature of one subscribing witness to a will of land did not prevent it from being proved as a holograph-will; and in the latter, that it was no objection to tho probate of a script as a holograph will, that it had one subscribing witness, and was intended by the decedent to be proved by subscribing witnesses, which intent was frustrated by the fact that the second attesting witness was incompetent. The declaration made by the decedent in the present case, that he wished to obtain the subscription of witnesses to his will, though strengthened by an attestation clause, cannot be of more avail against its validity than was the actual
 
 *125
 
 attestation in the cases referred to. Besides, it was entirely proper in the Judge to leave it to the jury to determine whether, from all the circumstances, -they believed that the paper writing was deposited by the deceased
 
 among
 
 his valuable papers with the intention that it should be his will.
 
 Simms
 
 v.
 
 Simms,
 
 5 Ire., 684.
 

 2. The second objection is equally unavailing. According to the evidence the trunk in which the script was found had papers and effects of value, and of greater value than those in the box; and this trunk was legally in the possession of the decedent, though for the time deposited at the house of another person. The deceased did not deposit the script “in the hands” of that person for safe keeping, but he did place it among his own valuable papers and effects, where-, it was found after his death. The case of
 
 Little
 
 v.
 
 Lockman,
 
 4 Jon., 494, in stating what is
 
 not
 
 a proper depository for a holograph paper, shows clearly that the one established by the testimony in the present case was just such a place as was in the contemplation ol the statute. See Rev. Code, ch. 119, sec. 1.
 

 The objection made to the admissibility of Mrs. Hill’s de-position cannot be sustained. There was sufficient testimony to justify the clerk in finding that there was a commission, for taking the deposition, and that it had been returned to. the court properly sealed up by the commissioner who took it. The clerk did right therefore in passing upon it and allowing it to be read. See Rev. Code, ch. 31, sec. 63. No-error being found in the judgment of the Superior Court, it: must be affirmed.
 

 Per Curiam. Judgment affirmed..