WILLIAM H. HUGHES, Ex'r, and others *v.* CHARLES SMITH and others.

A script purporting to be a holograph will, was found in a drawer inside of a desk, between a bag of gold coin and a bag of silver coin; and immediately above the drawer, in pigeon-holes, were found notes, bonds and other valuable papers, arranged in files; the drawer and pigeon-holes were secured by the same door and lock:   *Held,* that the script was properly *deposited,* under the act defining the requisites of holograph wills.

The change in that act as found in the Revised Statutes, by which, as reproduced in the Revised Code, "or" has become "and," does not affect the construction previously given.

(*Little* v. *Lockman,* 4 Jon. 494, and *Hill* v. *Bell,* Phil. 122, approved.)

CAVEAT, tried before *Watts, J.,* at Spring Term 1870 of NORTHAMPTON Court.

The script propounded purported to be a holograph, and the only question was, whether it had been found in a proper place of deposit.   That place was an upright desk, with a

door swinging on hinges at the bottom, and locked at the top. The door protected a space occupied, above by pigeon-holes, and, below, by two small drawers which were closed but had no locks. In the pigeon-holes were found,—filed, and covered with a cloth-wrapper,—notes, &c., belonging to the deceased, to the value of seventy thousand dollars or more. The script was found in one of the drawers. Above it was a bag containing gold coin, ($177 50), and below it, a bag containing silver coin, ($56 00).

His Honor being of opinion that this was not a proper place of deposit, within the meaning of the statute, there was a verdict and judgment accordingly.

The propounders thereupon appealed.

*Bragg*, and *Peebles & Peebles*, for the appellants.
*Smith* and *Barnes, contra.*

1. The requirements of the statute must be *strictly* complied with. *Graham* v. *Graham*, 10 Ire. 219, *Little* v. *Lockman*, 4 Jon. 494, *In re* Cox's Will, 1 Jon. 321, 1 Redf. Wills, 231.

2. The script must be found *among* the valuable papers and effects of the deceased. Rev. Code, c. 119, s. 1.

DICK, J. The only question presented, is whether the holograph script propounded for probate, was found in such a place of deposit as to satisfy the requirements of the statute: Rev. Code, ch. 119, sec. 1. Similar questions have often been before this Court, and the principles by which they are governed, are well settled: *Little* v. *Lockman*, 4 Jon. 494; *Hill* v. *Bell*, Phil. 122.

The requirements of the statute are sufficiently complied with if the script is found among the valuable papers and effects, under such circumstances as to show that the deceased regarded it as a valuable paper, and desired it to take

effect as his will. The change of the conjunction "or," in the Revised Statutes, to the conjunction "and," in the Revised Code, does not affect the construction of the statute. If the word "and" is taken in its strict conjunctive sense, the statute would be virtually repealed, or its benefits greatly diminished; as but few persons who manage their business with order and system, keep their valuable papers and effects mixed up together. Notes, bonds, &c., are usually kept together in proper files, and currency, coin, jewels, &c., are deposited in a more secret place.

In the case of *Little* v. *Lockman, supra,* the script propounded, was found in the drawer of a bureau, among some useless papers and rubbish, and there were valuable papers and effects kept in another drawer of the same bureau. Under such circumstances the Court properly held that the script was not found in such a place of deposit as was contemplated by the statute. In our case the script was found in a drawer inside of a desk, deposited between a bag of gold coin, and a bag of silver coin, and just above the drawer, in pigeon-holes, were found notes, bonds and other valuable papers properly arranged in files. The drawer and pigeon-holes were secured by the same door and lock. This drawer was a very appropriate place for the keeping of the coin, as it was concealed from view when the desk was opened, and was such a place of deposit for the holograph script as to meet the strict requirements of the statute.

There was error in the ruling of his Honor, and there must be a *venire de novo.*

Per Curiam.                              *Venire de novo.*