IN RE SHEPPARD'S WILL.

(Filed March 12, 1901.)

WILLS—*Holograph—Evidence—Questions for Jury—The Code, Sec. 2136.*

> Facts in this case held sufficient to submit to the jury on the question whether the paper-writing was found among the "valuable papers" of the deceased.

A PAPER purporting to be the last will and testament of Thomas J. Sheppard was propounded for probate by William Shaw as executor.    Caveat was entered by J. E. Smithwick and others; heard by Judge *H. R. Starbuck* and a jury, at December Term, 1900, of PITT County Superior Court. From a judgment for the caveator, the propounder appealed.

*Skinner, Whedbee,* and *B. B. Nicholson,* for the propounder.

*Jarvis & Blow,* and *Gilliam & Gilliam,* for the caveators.

CLARK, J.   The script in question was found in a book in which the deceased kept valuable memoranda, among other things, accounts and also statements of the amounts of money he had on hand, which corresponded exactly with the amount found and with the several packages of money specifically bequeathed in the will.   His money was found in a chest in the adjoining room.

It was admitted that the book was found in his bed, under his body, the day he died.   The finder placed it on the bureau at the head of the bed; it fell behind it and was found a week later on the floor behind the bureau.   The Court charged the jury that this did not constitute a finding "among the valuable papers and effects of the deceased, and hence the script was not the last will and testament of said Thomas J. Sheppard."   The propounders excepted, and this presents the sole question for our determination.   We think there was error, and that the evidence should have been submitted to the jury.   *Simms v. Simms,* 27 N. C., 684; *Hill v. Bell,* 61 N. C., 122; *Hughes v. Smith,* 64 N. C., 493.   In the latter case it is said, "The requirements of the statute are sufficiently complied with if the script is found among the valuable papers and effects, under such circumstances as to show that the deceased regarded it as a valuable paper, and desired it to take effect as his will."   Here the script was written in a book containing valuable papers, the memorandum of his moneys, accounts, etc.   It had been kept in a box on a table in his reach, which contained his deeds and account books, and when that had been moved out three weeks before his death, he had caused this book to be brought back to him and he retained it in his immediate possession, in the bed with him, and it was found under his body at his death.   Certainly this was evidence upon which the jury should be allowed to find whether or not he "regarded it as a valuable

paper and desired it to take effect as his will," for the only defect suggested is as to the place where it was found.

In *Winstead v. Bowman,* 68 N. C., 170, the Court criticised, if it does not overrule, the narrow rule which had been laid down in *Little v. Lockman,* 49 N. C., 494, and says, "The phrase 'among the valuable papers and effects' can not necessarily and without exception mean 'among the *most* valuable' etc.   *   *   *   The phrase can not have a fixed and unvarying meaning to be applied under all circumstances.   It can only mean that the script must be found among such papers and effects as show that the deceased considered it a paper of value, one deliberately made and to be preserved and intended to have effect as a will.   This would depend greatly upon the condition, and business, and habits of the deceased, in respect to keeping valuable papers."

A very similar case is *Brown v. Eaton,* 91 N. C., 26, in which the script was written in a book containing accounts due deceased and was found eight months after his decease in a bureau drawer.

In Tennessee, in which the statute is our act of 1784 (now found in our Code, section 2136), it is said in *Tate v. Tate,* 30 Tenn. (11 Humph.), 466, "the intention of the statute is that it shall appear to be a will, whose existence and place of deposit were known to the testator, and that he had it in his care and protection, preserving it as his will."   In *Regan v. Stanly,* 79 Tenn. (11 Lea), 316, in a diary was found, imbedded among other entries, a disposition of property, written and signed.   This diary was found among his books of account, and the will therein written was admitted to probate.

The script here propounded was written in a book which itself contained valuable papers.   The testator's conduct as to this book, his calling for it when his deeds and other books of account, which he had always kept by him in reach, were

moved out of his room during his last illness, and his reten-
tion of it in his immediate custody and possession, were cir-
cumstances which the propounders were entitled to have
passed upon by the jury, to say the least.

New trial.