## IN RE WILL OF T. A. GROCE.

(Filed 12 December, 1928.)

**1. Wills—Requisites and Validity—Holographic Wills.**

A paper-writing written in full in the testator's handwriting and signed by him, showing *animus testandi*, and found after his death among his valuable papers is valid as his holograph will.

**2. Same—Handwriting of Testator—Evidence.**

Where the only evidence as to the handwriting of the testator is the testimony of two witnesses that the paper-writing is in the handwriting of the testator, and upon cross-examination their testimony thereon is uncontradicted, but their credibility is attacked, their evidence is sufficient to take the case to the jury, their credibility being for its determination.

**3. Same—Found With Valuable Papers.**

The requirements of C. S., 4131, that a paper-writing sufficient to pass as a holograph will must be found after the death of the testator among his valuable papers and effects must be liberally construed, and where it is found among the deceased's papers and effects evidently regarded by him as his most valuable papers, and are in fact valuable, under circumstances showing his intention that that will should take effect as being so found, it is sufficient, and under the facts of this case the paper-writing was adjudged to be effective as his will when found after his death in the pockets of the clothes he was wearing, with large sums of money and other papers of value.

APPEAL by caveators from *Schenck, J.,* at May Term, 1928, of YADKIN. No error.

Proceeding for probate, in solemn form, of paper-writing propounded as the holograph will of T. A. Groce, deceased.

Caveators, sons of deceased, allege that the execution of said paper-writing was procured by fraud and undue influence; and that the said T. A. Groce, at the date of its execution, did not have mental capacity sufficient to make a will. They also contend that said paper-writing is not in the hand-writing of T. A. Groce, and that same was not found among the valuable papers and effects of deceased.

The issue submitted to the jury was answered as follows:

"Was the paper-writing dated 2 February, 1928, and offered for probate, and every part thereof, the last will and testament of T. A. Groce, deceased? Answer: Yes."

From judgment on the verdict, caveators appealed to the Supreme Court.

*F. W. Hanes and Williams & Reavis for propounder.*
*Benbow, Hall & Benbow and E. M. Whitman for caveators.*

CONNOR, J. T. A. Groce died at the home of a neighbor, in Yadkin County, North Carolina, on 2 February, 1928. He lived about a half-mile from the home of this neighbor. He had stopped, for a short visit, at his neighbor's home, while returning to his own home from a rural mailbox, where he had gone to mail letters to his sons. While there, engaged in conversation, he became ill, suddenly, and died almost immediately. After his death, and before his body was removed from the place where he died, in the presence of his sons, caveators in this proceeding, and of friends, who had been notified of his death, an envelope was taken from one of his coat pockets. In this envelope, which was not sealed, was found a paper-writing, dated 2 February, 1928, which is in form a will, and to which his name is subscribed.

This paper-writing purports to be the will of T. A. Groce, by which he devises to his adopted son, Floyd T. Groce, seventy-five acres of land, "where the said Floyd T. Groce may choose to take it." He bequeaths and devises the remainder of his property, real and personal, to his two sons, D. R. Groce and Albert Groce, and directs that Floyd T. Groce shall pay his debts and funeral expenses, including a tombstone.

This paper-writing has been probated, in common form, as the last will and testament of T. A. Groce. A caveat was filed to said probate by D. R. Groce and Albert Groce, sons of the deceased.

At the trial of the issue submitted to the jury, more than three witnesses testified that said paper-writing and every part thereof, including the signature subscribed thereto, is in the handwriting of T. A. Groce.

There was no evidence to the contrary. There was evidence tending to show that each of these witnesses is credible. Their testimony on cross-examination did not contradict their testimony on their direct examination, nor did it tend to affect its probative value as evidence. At most, it tended to affect the credibility of the witnesses, only. The jury was properly instructed that if they found the facts to be as these witnesses testified, they would find that the paper-writing, and every part thereof, including the signature subscribed thereto, is in the handwriting of T. A. Groce.

All the evidence tended to show that the paper-writing offered for probate was found in the envelope which was taken from a pocket of the coat which deceased was wearing, when he died. There was also found in the pockets of his coat and of his overalls money in the sum of $1,499.92; also two pencils, a pocket-knife, specks, some receipts, etc. The money was found in the pockets of his overalls; it was mostly in bills, although there were three gold pieces, of the value of forty dollars.

The evidence tended to show that deceased was an old man, and that he and his wife had lived separate and apart for many years. He lived alone. A trunk was found in his house. This trunk was locked, and in it were found, after his death, deeds, receipts and other papers of no present pecuniary value. There was also in said trunk a bank book, showing that deceased had withdrawn from the Wachovia Bank & Trust Company, on 6 May, 1927, the sum of $1,184.22. There was also evidence tending to show that deceased had said, after the withdrawal of said money from the bank, that he would not put his money in a bank, for if he did so, he would have to pay a tax on it. Deceased had also said, a short time before his death, to a neighbor, that "a man could make a will, and not have witnesses. He could put it with his papers and the neighbors could swear to his handwriting." There was evidence tending to show that deceased was often away from his home, and that in his absence, no one was there.

The evidence, if all the testimony of the witnesses was accepted as true, was sufficient for the jury to find therefrom that the paper-writing offered for probate was found among the valuable papers and effects of the deceased, in accordance with the requirement of the statute. C. S., 4131. To hold otherwise, would require a construction of the statute which would lose sight of the purpose of its provision with respect to the finding of a paper-writing offered for probate as a holograph will. This provision has been frequently construed by this Court, and always with a view of effectuating its purpose. *Rodman, J.*, in *Winstead v. Bowman,* 68 N. C., 170, says: "The phrase cannot have a fixed and unvarying meaning to be applied under all circumstances. It can only mean that the script must be found among such papers and

effects as show that the deceased considered it a paper of value, one deliberately made and to be preserved, and intended to have effect as a will. This would depend greatly upon the condition, and business, and habits of the deceased, in respect to keeping valuable papers, and the place and the circumstances under which the script was executed, viz.: whether at home, or on a journey, etc."

· While the decision in *Little v. Lockman,* 49 N. C., 494, relied upon by appellant, upon the facts of that case, has not been questioned, the Court has criticized the narrow rule there laid down. *Clark, J.,* in *In re Shepard's Will,* 128 N. C., 54, 38 S. E., 27, says: "In *Winstead v. Bowman,* 68 N. C., 170, the Court criticized, if it did not overrule, the narrow rule which had been laid down in *Little v. Lockman,* 49 N. C., 494." He says, further, "the script here propounded was written in a book, which itself contained valuable papers. The testator's conduct as to this book, his calling for it, when his deeds and other books of account, which he had always kept by him in reach, were moved out of his room during his last illness, and his retention of it in his immediate custody and possession, were circumstances which the propounders were entitled to have passed upon by the jury, to say the least." See, also, as tending to sustain a liberal rather than a narrow construction of the statute: *In re Westfeldt Will,* 188 N. C., 702, 125 S. E., 531; *Cornelius v. Brawley,* 109 N. C., 542, 14 S. E., 78; *Hughes v. Smith,* 64 N. C., 493; *Hill v. Bell,* 61 N. C., 122.

In the instant case, all the evidence tended to show not only that the paper-writing, propounded as the will of T. A. Groce, deceased, including the signature subscribed thereto, was in his handwriting, but also that said paper-writing was found, after his death, among his papers and effects, which were valuable, and which he regarded as valuable. The fact that these papers and effects were in his pockets, and thus in his immediate custody, is immaterial. The statute, in this respect, requires only that the paper-writing offered for probate as a holograph will shall be found "among the valuable papers and effects of the deceased." There is no requirement as to the place where the paper-writing, and the valuable papers and effects, shall be found. The place where the papers and effects of deceased, including the paper-writing offered for probate, are found, after his death, is material, only upon the question as to whether or not such papers and effects are, and were considered by the deceased as valuable. The purpose of the statute is effectuated when the paper-writing propounded as a will is identified as the will of the deceased, by the fact that it is in his handwriting, and when his intent that it shall take effect as his will is shown by the fact that he kept it among papers and effects which he regarded as valuable, and which, in fact, were valuable.

There is no contention that there was any evidence tending to show that the execution of the will was procured by fraud or undue influence, or that T. A. Groce did not have mental capacity sufficient to make a will on the day of his death, to wit, 2 February, 1928. All the evidence is to the contrary. The judgment is affirmed.

No error.