IN THE MATTER OF THE LAST WILL AND TESTAMENT OF SUSAN B.
SHEMWELL, DECEASED. .

(Filed 12 June, 1929.)

**Wills C d—Evidence that will was in handwriting of testator held sufficient, and held further, found among valuable papers.**

Evidence that a paper-writing was in the handwriting of the deceased, signed by her, and found among her valuable papers is sufficient to be submitted to the jury on the issue of *devisavit vel non,* and *held further,* under the facts of this case the paper-writing, being found in a box in which she kept papers of value, evidently regarded as valuable by her, and evidencing her intent that the paper-writing operate as her will, was found among her valuable papers within the meaning of C. S., 4144(2), and evidence that her husband also kept certain valuable papers of his own in the same box does not vary the result.

APPEAL by the caveators from *Sink, Special Judge,* at November Special Term, 1928, of BUNCOMBE. No error.

Proceedings for the probate in solemn form of a paper-writing propounded as the holograph will of Susan B. Shemwell, deceased, by her son, named therein as one of the executors of the deceased.

The issue submitted to the jury was answered as follows:

"Is the paper-writing propounded by Fitzhugh Harmon for probate, and consisting of five separate sheets (marked Propounder's Exhibits 1, 2, 3, 4 and 5) and every part thereof, the last will and testament of Susan B. Shemwell, deceased? Answer: Yes."

In accordance with the verdict, it was ordered, adjudged and decreed that said paper-writing and every part thereof is the last will and testament of the said Susan B. Shemwell. From the judgment, the caveator appealed to the Supreme Court.

*W. A. Sullivan for propounder.*
*Rollins & Smathers for caveator.*

CONNOR, J. Susan B. Shemwell died in Asheville, on 19 February, 1924. She left surviving her husband, Baxter Shemwell, and three children, two of whom are the children of a former marriage.

On 20 February, 1924, a paper-writing purporting to be the last will and testament of Susan B. Shemwell, dated at Asheville on 31 May, 1920, was offered for probate and was probated in common form by the clerk of the Superior Court of Buncombe County, as the last will and testament of the deceased.

IN THE MATTER OF WILL OF SHEMWELL.

On 2 March, 1924, a caveat was filed to said probate by Everett B. Shemwell, son of deceased, appearing by his guardian, Baxter Shemwell. The cause was thereupon transferred to the Superior Court of Buncombe County for trial. Citations were duly issued and served upon all persons named in said alleged will as devisees and legatees. The proceedings came on for trial at November Special Term, 1928, of the Superior Court of Buncombe County, when the issue set out in the record was submitted to and answered by the jury. From judgment on the verdict, the caveator appealed to this Court.

At the trial, the propounder offered the paper-writing for probate as the holograph will of the deceased. Three witnesses testified that they verily believed that said paper-writing and every part thereof is in the handwriting of Susan B. Shemwell, and that her name subscribed thereto is also in her handwriting. These witnesses first testified that they had known Mrs. Susan B. Shemwell for many years and had often seen her write. There was the usual conflict in the testimony of the expert witnesses, offered by both the caveator and the propounder, one testifying that in his opinion the paper-writing was not in the handwriting of Mrs. Shemwell, and the other testifying that in his opinion it was in her handwriting. Both the expert witnesses based their opinion upon a comparison of the handwriting of the alleged will with handwriting proved to the satisfaction of the judge to be the genuine handwriting of Mrs. Shemwell. C. S., 1784. There was evidence from which the jury could find that the alleged will and every part thereof, including the name of the deceased subscribed thereto, is in her handwriting.

There was also evidence from which the jury could find that the paper-writing, which is in the handwriting of the deceased, with her name subscribed thereto, was found, after her death, among her valuable papers and effects, as required by the statute. C. S., 4144, subsec. 2. The evidence tended to show that the paper-writing was found in a small box, which had been in the possession of deceased for many years, and which was regarded by the members of her family, as her private box. In this box were papers and jewelry. Included among the papers were deeds, letters and stock certificates. Some of these papers were claimed by her husband as his property; they were delivered to him. Other papers and the jewelry in the box belonged to deceased. There was evidence tending to show that the paper-writing was found among such papers and effects of the deceased as show that she considered it as a paper of value, one deliberately made and to be preserved, and intended by her to have effect as her will. This was a sufficient compliance with the provision of the statute. *In re Will of Groce,* 196 N. C., 373, and cases there cited.

IN RE ESTATE OF WALLACE.

There was no error in the refusal of the court to instruct the jury, as requested by the caveator, to answer the issue, "No." The evidence was properly submitted to the jury, under instructions which are free from error. The judgment is affirmed. There is .

No error.