## IN RE WILL OF J. C. STEWART.

### (Filed 9 April, 1930.)

**Wills C d—Evidence that holographic will was found among valuable papers held sufficient.**

Evidence that a paper-writing propounded as a holographic will was found after the testator's death in a locked drawer in his desk among other papers and effects, bank books, check books, etc., in an envelope on the back of which, in the testator's handwriting, it was designated as his last will and testament, with evidence that the testator had been advised that it would operate as his will if found among his valuable papers and that the testator regarded the papers among which it was found as valuable: *Held,* the evidence that the paper-writing was found among the testator's valuable papers was sufficient to sustain a verdict in the propounders' favor upon the issue of *devisavit vel non.* C. S., 4144.

APPEAL by caveators from *McElroy, J.,* at September Term, 1929, of FORSYTH.

Application for letters of administration to settle the estate of J. C. Stewart, deceased; paper-writing offered for probate and propounded as his last will and testament; issue of *devisavit vel non* raised by a caveat filed thereto, tried in the Superior Court of Forsyth County, which resulted in a verdict and judgment establishing the paper-writing propounded as the last will and testament of the deceased.

Caveators appeal, assigning errors.

*B. R. Stewart and L. V. Scott for caveators.*
*Manly, Hendren & Womble and Hastings & Booe for propounders.*

STACY, C. J. On the trial, the controversy narrowed itself to the single question as to whether the paper-writing, propounded as a holograph will, was found among the valuable papers and effects of the deceased. C. S., 4144. He kept it with his private papers in a locked

drawer of his office desk, where it was found among other papers and effects, bank books, check books, etc., in an envelope on the back of which appeared in the handwriting of the deceased: "Last Will of J. C. Stewart as made in 1926." The evidence further discloses that the testator regarded the paper-writing as a valuable one; he wrote it and preserved it as a will, having been advised by counsel that such an instrument found among his valuable papers and effects would operate as a valid testamentary disposition of his property.

The evidence is sufficient to warrant the jury's finding, and we have discovered no error in the trial. *In re Will of Shemwell,* 197 N. C., 332, 148 S. E., 469; *In re Will of Groce,* 196 N. C., 373, 145 S. E., 689; *In re Westfeldt,* 188 N. C., 702, 125 S. E., 531. The verdict and judgment, therefore, will be upheld.

No error.