FLOYD GROCE, ADMINISTRATOR C. T. A. OF T. A. GROCE, DECEASED, AND
. FLOYD GROCE v. D. R. GROCE AND ALBERT GROCE.

(Filed 10 December, 1930.)

**Wills E f—In this case held: will bequeathed remainder of personalty to
two sons of testator, one half to each.**

In construing a will regard will be given the language employed to
effectuate the testator's intent, and where he has devised a certain part of
his lands to his adopted son where he may select, and directs that the
residue of. his property, real and personal, be sold and the proceeds paid
to his two sons "one-half that remains to D. and A. remaining money":
*Held,* as to the personalty the two sons were the primary objects of the
testator's bounty, and the money from the sale was to be divided between
them after payment of debts and a tombstone as directed by the will, to
the exclusion of the adopted son, and the further expression "kept on
expenses after all debts are paid," evidently intended expenses of neces-
sary upkeep of livestock and the like until the sale could be made.

ADAMS, J., dissents.

APPEAL by defendant from *Harding, J.,* at May Term, 1930, of
YADKIN. Reversed.

The judgment of the court below was as follows: "This cause coming
on to be heard before his Honor, W. F. Harding, judge presiding, at
the May Term of the Superior Court of Yadkin County, and it appear-
ing to the court that Floyd Groce, administrator *c. t. a.* of T. A. Groce,
deceased, filed his final account for settlement with the clerk of the Supe-
rior Court of Yadkin County, on 15 July, 1929, showing the payment of
all debts, and at the same time filed a petition against the parties inter-
ested in the due administration of the estate as provided in section 152 of
the Consolidated Statutes of North Carolina, and that upon the hearing
before the clerk of the Superior Court of Yadkin County, all parties
being in court and represented by counsel, it being the opinion of the
clerk that before a distribution of the personal property could be made
it was necessary that the will of T. A. Groce be interpreted. It was,
therefore, ordered by agreement of counsel that the matter of the distri-
bution of the personal property under said will be transferred to the
civil issue docket of the Superior Court of Yadkin County, it being
understood and agreed by counsel representing the parties interested that
T. A. Groce, deceased, died 2 February, 1928, and that he made a will
bearing date of his death; that T. A. Groce lived by himself, he and his
wife having separated several years previous, and that at the time of his
death he owned 169.3 acres of land; that a partition of said lands has
been made according to law; that the proceeds from the sale of the
personal property amounted to about $750, and the deceased had in

cash, at the time of his death, about $1,500, and that there now only remains the question of the distribution of the personal property of the deceased under his will which is as follows:

'State of North Carolina,
  Yadkin County
      February A.D. 1928.

Considering my old age and uncertainty of life, I do herein make my last Will and Testament. I do bequeath to my adopted son Floyd T. Groce seventy-five acres of land where the said Floyd Groce may choose to take it. Floyd is to pay my debts and funeral expenses with tombstone. I do also bequeath to D. R. and Albert M. Groce the Remainder of my land—my personal property and effects to be sold by Floyd Groce or kept on Expenses after all debts is paid then Floyd Groce is to pay over one-half that remains to D. R. Groce and Albert Groce remaining money. So let be Amen. This Feb. 2, 1928. Witness my hand and seal.

T. C. GROCE   (Seal).'

A photostatic copy of said will is hereto attached and made a part of this judgment.

And after reading said will, considering the same, and considering the argument of counsel for the parties interested, the Court is of the opinion and so adjudges that the true intent and meaning of the aforesaid will of T. A. Groce, deceased, is as follows: That the administrator *c. t. a.* should pay all debts and costs of administration out of the personal estate, including moneys on hand belonging to the estate of T. A. Groce, and that the surplus, after paying said debts and the costs of administration, should be divided as follows, to wit: One-half of said surplus to be paid by the said administrator to D. R. Groce and Albert Groce jointly, to be divided equally between them, and the other half of said surplus to be retained or paid to Floyd Groce. It is further ordered and adjudged that the costs of this hearing for the construction of said will be included in the costs of the administration of the estate of T. A. Groce, deceased."

The defendants assigned error "For that his Honor erred in signing the judgment as set out in the record."

*Williams & Reavis for plaintiff.*
*Benbow, Hall & Benbow for defendants.*

CLARKSON, J. The question involved: Are D. R. Groce and Albert Groce the sole legatees of T. A. Groce, as to the personal estate after the debts are paid? We think so.

GROCE *v.* GROCE.

This case was here before, *In re Will of T. A. Groce,* 196 N. C., 373. It is there held: "The requirements of C. S., 4131, that a paper-writing sufficient to pass as a holograph will must be found after the death of the testator among his valuable papers and effects, must be liberally construed, and where it is found among the deceased's papers and effects evidently regarded by him as his most valuable papers, and are in fact valuable, under circumstances showing his intention that that will should take effect as being so found, it is sufficient, and under the facts of this case the paper-writing was adjudged to be effective as his will when found after his death in the pockets of the clothes he was wearing, with large sums of money and other papers of value." Headnote 3, *Groce case, supra.* In that case, at p. 374, we find the following statement: "This paper-writing purports to be the will of T. A. Groce, by which he devises to his adopted son, Floyd T. Groce, seventy-five acres of land, 'where the said Floyd Groce may choose to take it.' He bequeaths and devises the remainder of his property, real and personal, to his two sons, D. R. Groce, and Albert Groce, and directs that Floyd T. Groce shall pay his debts and funeral expenses, including a tombstone."

The construction of the will was not the question in controversy when this case was here before, but we think the statement as to the meaning of the will set forth in the case correct. The will made was holograph. The testator had an adopted son Floyd T. Groce and two sons D. R. and Albert Groce. The cardinal principle in the construction of a will is to ascertain the intention. This is to be gathered from the setting of the parties and the language of the will. The concluding part of the will "I do also bequeath to D. R. and Albert Groce the Remainder of my land—my personal property and effects to be sold by Floyd Groce or kept on Expenses after all debts is paid then Floyd Groce is to pay over one-half that Remains to D. R. Groce and Albert Groce remaining money."

The testator gives to Floyd T. Groce 75 acres where "he may choose to take it," and requires him to pay the debts and funeral expenses, and for the tombstone, and later provides that these are to be paid out of the personal property. Testator provides for the adopted son and then he deals with the remainder of his property, and in this his two sons are the primary objects of his bounty. Testator then leaves the remainder of his land to his two sons. Then he comes to dispose of his personal property. He designates Floyd Groce to sell his personal property and effects, or keep on expenses (any livestock no doubt until they could be sold). After all debts are paid, "then Floyd Groce is to pay one-half that remains to D. R. Groce and Albert Groce remaining money." "Remaining money," of course, meaning after the debts were paid and

the money remaining to be paid one-half each to D. R. and Albert Groce, his two sons, the primary objects of his bounty.

In *Mangum v. Trust Co.,* 195 N. C., at p. 472, quoting 28 R. C. L., part sec. 179, at page 219, we find: "In the interpretation of a will the dominant or primary intention, gathered from the whole thereof and all its provisions, must be allowed to control, and a particular and minor intent is never permitted to frustrate a general and ulterior object of paramount consideration. Accordingly in interpreting wills favor will be accorded to those beneficiaries who appear to be the special objects of the testator's bounty."

A reasonable inference also is that the testator left the most valuable land "75 acres of land where Floyd Groce may choose to take it," and the "remaining money" after payment of debts, etc., to his two sons, one-half each, no doubt equalizing the less valuable land they received.

For the reasons given, the judgment of the court below is
Reversed.

ADAMS, J., dissents.