In the Matter of the Probate of the Will of FRITZ J. HANSGIRG, Deceased.

Surrogate's Court, Westchester County, December 21, 1949.

*McLaughlin & Stickles* for Josefine M. Hansgirg, proponent.

GRIFFITHS, S. Proponent has offered for probate three unwitnessed and unattested holographic writings subscribed by decedent, dated respectively, March 1, 1937, September 28, 1937, and February 15, 1947. None of the instruments was executed in the manner prescribed by section 21 of the Decedent Estate Law. It appearing, however, that the propounded instruments are in writing and subscribed by decedent they may nevertheless be admitted to probate if executed without the State in the mode prescribed either by the law of the place where executed or of the testator's domicile. (Decedent Estate Law, § 23.) Such a will, if so executed is deemed to be legally executed and is given the same effect as though executed in the mode prescribed by the laws of New York. (Decedent Estate Law, § 22-a.)

It appears that decedent was born in Austria and, with the exception of occasional business trips to the United States and other countries, resided in Austria continuously until on or about February 1, 1935. From this time until July 1, 1937, the pursuit of his profession required his temporary residence in Korea, and thereafter in Manchuria until on or about February 1, 1940. From on or about October 1, 1942, to August 1, 1947, decedent resided in the State of North Carolina, and thereafter until the date of his death decedent resided in the county of Westchester and State of New York. At the time

of his death, on July 23, 1949, decedent was a citizen and subject of Austria, although in July, 1946, he had made application for naturalization as a citizen of the United States.

The court determines that at the time of the execution of the two earlier writings decedent's domicile of origin continued and that at all times prior to and including September 28, 1937, decedent was domiciled in Austria. Proof has been submitted as to the Austrian Civil Law (paragraph 577, a.B.G.B. and paragraph 578, a.B.G.B.) It appears that under the laws of Austria (paragraph 577, a.B.G.B.) last wills can be made in court as well as out of court, holographically or orally; if holographically with or without witnesses. It further appears that under paragraph 578, a.B.G.B. anyone who is making his last will holographically and without witnesses, has to write the text and sign the will in his own handwriting, and that the signature of the testator must be affixed at the end of the instrument. From the proof submitted as to the laws of Austria it would appear that the two earlier writings were duly executed in accordance with such laws. It further appears that such writings were executed without the State of New York, that the earliest instrument was executed in Korea and that the later instrument was executed in Manchuria.

As to the latest instrument, proof has been submitted as to the laws of North Carolina relating to the execution of wills. Section 31-3 of chapter 31 of the General Statutes of North Carolina of 1943, in effect on February 15, 1947, requires neither witnesses nor attestation in the case of a holographic instrument signed by the testator, provided the same be found among the papers and effects of the deceased person or shall have been lodged in the hands of any person for safekeeping. Such section further provides that the handwriting of the testator must be proved by three credible witnesses who believe the instrument and every part thereof to be in the handwriting of the person whose will it appears to be. The requirement that a holographic will be found among the valuable papers and effects of a deceased person has been liberally construed. (*Matter of Groce,* 196 N. C. 373; *Hill* v. *Bell,* 61 N. C. 122.)

The court determines that the latest instrument propounded, dated February 15, 1947, having been proved by three credible witnesses to be wholly in the handwriting of decedent and to have been subscribed by him, and it appearing that the instrument was found among the personal effects of decedent, the court determines that such instrument was executed in the mode prescribed by the laws of North Carolina.

It having been satisfactorily established that the two earlier instruments were executed in accordance with the laws of Austria and that decedent was domiciled in Austria on the respective dates of execution thereof and that the latest instrument was executed in accordance with the laws of North Carolina, the place of execution, the propounded instruments will be admitted to probate in New York as instruments valid to pass personal property. The right to have a will admitted to probate is not affected by a change of residence made since the execution of the will. (Decedent Estate Law, § 24.)

Submit decree.