Gaston, J.
 

 Upon examination of the petition, answer and affidavits, the facts of the case appear to be these: Amos Wooton, one of the persons named, excutors in a paper wri
 
 *83
 
 ting purporting to be the last will and testament of Siley Edwards, deceased, offered the said instrument for in the County Court of Edgecomb, where it was'contested by William Faircloth and Bassett Sikes, two of the next of kin of the deceased. An issue was thereupon made up, whether the said instrument was the last will and testament of the said deceased, and at the August Term, 1841, of said court was submitted to a jury, who returned a verdict in favor of the caveators. From this verdict, the propounder of the alleged will was advised by his counsel to appeal, and was about to appeal accordingly, when the caveators, being apprised of this his purpose, entered into an arrangement with him to the following effect: It was agreed on their part, if Wooten would not appeal, to secure, by a proper instrument to be executed by the next of kin of the said deceased, unto Nanny Edwards, his widow, the enjoyment during her life of all the property, which by the said instrument purported to be bequeathed-to her for life. Bufas this arrangement was made without her knowledge, and upon the presumption merely that it would be satisfactory to her, it was further understood and agreed, that, if she should withhold hér assent therefrom, no advantage should be taken of the said verdict, and the paper writing might be propounded as a will
 
 de novo.
 
 In consequence of this arrangement and understanding, the appeal was not taken. The ■ widow, being informed of this arrangement, refused to assent thereto, and thereupon, at the next Term, the will was again brought forward for probate. This being resisted because of the former verdict and the judgment thereon'remaining unreversed, the widow filed this her petition, praying that the verdict and judgment might be set aside, and that she might be permitted to cause the said instrument to be re-propounded for probate. To this petition, all the next of kin of her deceased husband were made parties. The County Court dismissed the petition. From this sentence the petitioner appealed to the Superior Court, where the sentence of the County Court was reversed, and an order made that the alleged will be re-propounded for probate. From this sentence the next of kin appealed to this court. ,
 

 
 *84
 
 There can be no question but that the petitioner, though a party in form to the proceedings which were had when the supposed will was^first offered for probate, was sabstantially a party thereto, as being represented by the executor, and is therefore bound by the sentence then pronounced, so long as it remains unreversed.
 
 Redmond v
 
 Collins, 4 Dev. 430. And it is because the petioner is bound by the sentence rendered upon these proceedings, that she is under the necessity of having the said sentence set aside, before the instrument can be again propounded. It is certainly true also, that this sentence will not be revoked, except it be plainly shewn, that in justice it ought not to be permitted to stand in the way of a second effort to prove the will. Courts of probate are not, like courts of law, under an absolute inability to reform their judgments after they have been rendered; and, therefore, application for relief against any of their judgments may be made to the courts in which they were rendered.— But when the sentence of such a court has been regularly pronounced, it will not be set aside or vacated, except under such circumstances as would induce a Court of Equity to order a judgment at law to be set aside, and the matter to be retried.
 
 Redmond
 
 v
 
 Collins, ut supra.
 
 A bill for a new trial is always watched by Equity with extreme jealousy, and Equity will not interfere, unless it sees, either that the judgment has been obtained by fraud, or that the party is un-conscientiously availing himself of the advantage thereof, so that it ought to be put out of the way, or the party restrained from using it.
 
 Bateman
 
 v
 
 Willoe,
 
 1 Sch. and Lef. 201.
 

 It seems to us clear, that it is unconscientious in the defendants to avail themselves of the advantage obtained by the 'sentence, on which they insist. But for the understanding that the will might be re-propounded, if the proposed compromise should not be approved of by the widow, Wooten, who claimed to be executor, and as such represented her interest and acted for her, would, by appealing from, the sentence, have rendered it null. To conclude her by a sentence
 
 thus
 
 rendered definitive, would be to shock the plainest principles of justice. She must have some relief against it,
 
 *85
 
 and we see no sufficient reason why it should not be afforded according to her application. ■
 

 Some questions have been discussed here, which we shall not now decide. It has been disputed whether the will, if re-propounded, should be so propounded by the executor, or whether it may not be propounded by the widow in her own name, after citing the executor and his renouncing the office. The petitioner will act in that matter as she may be advised. We merely affirm the judgment of the court below, that the former sentence be set aside upon the prayer of the petitioner, so that the contested will may be again offered lor probate.
 

 Judgment affirmed. Per Curiam.