IN RE WILL OF MRS. S. A. LOWRANCE, DECEASED.

(Filed 3 December, 1930.)

**Wills C d—Printed date, name and place on letter-head will not invalidate paper-writing otherwise sufficient as holographic will.**

It is not required by our statute that a holographic will be dated or the place of its execution stated therein, and where printed words, unrelated to the subject-matter of the paper-writing, are found on the paper used for the purposes of a will and the written part clearly and unmistakably disposes of the estate to designated persons and is in the handwriting of the testator with her signature affixed, and is found after her death on two unattached sheets of paper in a sealed envelope marked as her will, in a place where her valuable papers were kept by her, and these are established as a fact by the jury upon sufficient evidence in such matters, the printed words on the paper are regarded as surplusage, and a judgment below sustaining the entire written part as a valid holographic will will be sustained on appeal in the absence of evidence of fraud or undue influence.

APPEAL by caveator from *Shaw, J.,* at May Term, 1930, of IREDELL. No error.

This is a proceeding for the probate in solemn form of a paper-writing propounded as the last will and testament of Mrs. S. A. Lowrance, deceased. The paper-writing was probated in common form by the clerk of the Superior Court of Iredell County, on 26 July, 1928. Upon the filing of a caveat by an heir at law of the deceased, the cause was transferred to the civil issue docket of said court for trial of the issue raised by the caveat.

The issue submitted to the jury was answered as follows:

"Is the paper-writing propounded by Mrs. Mame Houston and consisting of two sheets, marked propounder's Exhibits B and C, and every part thereof, the last will and testament of Mrs. S. A. Lowrance, deceased?

"Answer: Yes, except the words printed on the two sheets."

Thereupon judgment was rendered that the paper-writing propounded and every part thereof except the printed words, "S. A. Lowrance" between the words "Mrs." and "made," in the first line of Exhibit C, and the printed words "Mooresville, N. C., ... .. .. , 192 ...," in the date line on Exhibit B, is the last will and testament of Mrs. S. A. Lowrance, deceased; it was ordered that said paper-writing be and the same was probated and recorded as such last will and testament.

From said judgment the caveator, R. G. Thomas, appealed to the Supreme Court, assigning errors based on exceptions noted during the trial.

*A. L. Starr and Greer, Greer & Joyner for propounder.*
*O. S. Thacker and E. M. Land for caveator.*

CONNOR, J.  Mrs. S. A. Lowrance died in Mooresville, N. C., on 7 July, 1928.  She had lived in Mooresville for many years, and at her death was eighty years of age.  She had been a widow since 1925 and had no children.  After the death of her husband, Mr. and Mrs. J. B. Houston looked after her.  Neither Mr. nor Mrs. Houston was related to her by blood or marriage.  They lived next door to Mrs. Lowrance, and the evidence tended to show that the relationship between Mrs. Lowrance and Mrs. Houston was close and intimate.  Mrs. Lowrance constantly called on Mrs. Houston for companionship, and relied on her almost daily.  Mrs. Houston saw Mrs. Lowrance practically every day, and responded to every call made on her by Mrs. Lowrance.  During the latter's illness, which has been almost continuous since her husband's death, Mrs. Houston was at all times attentive to her.  Mrs. Houston, named therein as "Mame Houston," is the propounder of the paper-writing offered in this proceeding for probate as the last will and testament of Mrs. Lowrance.

R. G. Thomas is a nephew of Mrs. S. A. Lowrance and as such is one of her heirs at law.  He resides in the State of Florida, but had been in Mooresville for four or five days preceding the death of Mrs. Lowrance.  A few days before her death, he was notified of her illness by Mrs. Houston, and in response to such notice, came to Mooresville and remained there until the death of Mrs. Lowrance.  He is the caveator in this proceeding.

After the death of Mrs. Lowrance, an envelope, on which were written in the handwriting of Mrs. Lowrance the words "My Will," was found in the drawer of a roll-top desk in her house.  This desk had been used by Mr. Lowrance, and after his death, by Mrs. Lowrance.  The drawer in which the envelope was found, contained valuable papers of Mrs. Lowrance.  When the envelope was opened, two sheets of paper were found therein.  They were folded together, but were not attached, the one to the other.  Both Mrs. Houston and Mr. Thomas were present when the envelope was found, and when it was opened.

The two sheets of paper, with the writing thereon, found in the envelope, were propounded by Mrs. Houston as the last will and testament of Mrs. S. A. Lowrance.

The words appearing on the first sheet of paper, marked Exhibit C, are as follows:

"Will of Mrs. (S. A. Lowrance) made 2 March, 1928.  (West Center Avenue.)

Will begin in my room—I want Oni Houston to have my oak suit, and *our* clock, everything except my little dest. Want Julia Saser to have it, all the pictures she wants."

The words appearing on the second sheet of paper, marked Exhibit B, are as follows:

"(Mooresville, N. C.) 1928 (192....).

I will leave Mame Houston and her heirs all I have and house on Center Street.

Mrs. S. A. Lowrance."

The words appearing above in parentheses, to wit, on the first sheet, "S. A. Lowrance," and "west Center Avenue," and on the second sheet, "Mooresville, N. C.," and "192 . " are printed; all the other words on both sheets are written. The evidence shows that the sheets of paper with the words "S. A. Lowrance," "west Center Avenue," and "Mooresville, N. C. . . . .. ...........192. . ," were letter-heads owned by the deceased husband of Mrs. S. A. Lowrance.

The propounder offered three witnesses, each of whom testified that he knew the handwriting of Mrs. S. A. Lowrance, and that he verily believed that all the words on said two sheets of paper, in writing, are in her handwriting.

By his assignments of error based on his exceptions to the refusal of the court to give certain instructions to the jury as requested by him in apt time, and also to certain instructions as given by the court to the jury, in the charge, the caveator presents to this Court his contention that the paper-writing, consisting of the two sheets of paper offered in evidence by the propounder, and propounded for probate as the holograph will of Mrs. S. A. Lowrance, deceased, is not her will, for that as shown by all the evidence, all the words appearing on said two sheets of paper are not in her handwriting.

The statute in this State provides that a paper-writing, sufficient in form to constitute a last will and testament, must be probated as the holograph will of a deceased person, (1) where such paper-writing was found, after the death of such person, among his valuable papers and effects, and (2) where such paper-writing is in the handwriting of the deceased person whose will it purports to be, with the name of such person subscribed thereto, or inserted in some part thereof, provided such handwriting shall be proved by three credible witnesses, who state, under oath, that they verily believe that the paper-writing and every part thereof is in the handwriting of the deceased person, whose will it appears to be. Such paper-writing, when duly probated, as required by statute, is sufficient, as a holograph will, to give and convey both real and personal property. C. S., 4131, and C. S., 4144, sec. 2.

IN RE WILL OF LOWRANCE.

In *Alexander v. Johnston,* 171 N. C., 468, 88 S. E., 785, it is said by *Allen, J.:* "The purpose of the statute is to enable persons who cannot procure the assistance of others in the preparation of a will, or who are not inclined to make known prior to death what disposition has been made of their property, to execute a valid will by a paper in their own handwriting and without the formal attestation of witnesses, and the formalities as to execution are intended to effectuate this purpose and not to defeat it. The paper must be found after death among the valuable papers of the deceased, or deposited with some person for safe-keeping. This is to furnish evidence that the deceased person attached importance to the paper as a testamentary disposition, and to lessen opportunity for fraud or imposition. The paper must be in the handwriting of the deceased. This is to identify the testator, and to form the causal connection between the writer and the writing and to prevent the possibility of change and alterations without the consent of the testator. The name of the testator must be subscribed to the paper or inserted in some part thereof, and this is also for identification of the testator, and to furnish evidence of the paper being a completed instrument."

In *re Jenkins' Will,* 157 N. C., 429, 72 S. E., 1072, it is said by *Walker, J.:* "The provisions of the statute are, of course, mandatory and not directory, and therefore there must be a strict compliance with them, before there can be a valid execution and probate of a holograph script as a will; but this does not mean that the construction of the statute should be so rigid and binding as to defeat its clearly expressed purpose. It must be construed and enforced strictly, but at the same time reasonably."

Upon these well settled principles, the contention of the caveator in the instant case cannot be sustained. When all the words appearing on a paper in the handwriting of the deceased person are sufficient, as in the instant case, to constitute a last will and testament, the mere fact that other words appear thereon, not in such handwriting, but not essential to the meaning of the words in such handwriting, cannot be held to defeat the intention of the deceased, otherwise clearly expressed, that such paper-writing is and shall be his last will and testament. There is no statutory requirement in this State that the holograph script shall be dated or shall show the place where it was executed by the testator. The words in print appearing on the sheets of paper propounded in the instant case are surplusage. They are not essential to the meaning of the words shown by three credible witnesses to be in the handwriting of Mrs. S. A. Lowrance. These words, without the printed words, are sufficient to constitute a testamentary disposition of property, both real and personal.

The cases from other jurisdictions, cited and relied on by the caveator, do not, in view of differences in statutory requirements, control in the

instant case. There was no error in the trial in the Superior Court. The refusal of instructions as requested by the caveator, and the instructions given by the learned judge who presided at the trial, are well supported by the statutes in this State, and by authoritative decisions of this Court. The printed words were properly eliminated by the verdict and by the judgment, and only the words on the two sheets of paper, in the handwriting of Mrs. S. A. Lowrance, were probated as expressing her last will as to the disposition of her property, after her death. The judgment is affirmed.

No error.