In re Will of J. F. SMITH.

(Filed 18 September, 1940.)

1. **Wills § 17—**

The clerk of the Superior Court, in his probate jurisdiction, has the power to vacate a previous order admitting a will to probate in common form on motion aptly made when it is clearly made to appear that the order of probate was improvidently granted, or that the court had been imposed upon and misled as to the essential and true conditions of the case.

2. **Wills § 9—Held: Words in handwriting of testator held not to constitute complete instrument and not to disclose animus testandi, and the instrument was improvidently admitted to probate as holograph will.**

An instrument admitted to have been properly probated in common form as a holographic will, provided that testator's wife should have all testator's property without restriction as long as she lived and that at her death the property then remaining should go to testator's two brothers or other heirs. Thereafter testator's widow propounded for probate a purported codicil which consisted of a typewritten statement of the liabilities and assets of testator followed by words in testator's handwriting "all of the above property is willed to my wife . . . without reservation and any other property now owned by me," which was dated and signed by testator. *Held:* The *animus testandi* does not appear from the purported codicil and its reference to property as "willed my wife" apparently related to the holograph will theretofore probated, and the words in the handwriting of the testator required reference to the words not in his handwriting to give them meaning, and the purported codicil was improvidently admitted to probate in common form and the order of probate was properly revoked by the clerk upon motion.

APPEAL by movants from *Pless, J.,* at March Term, 1940, of ROCK-INGHAM. Reversed.

Motion before the clerk by Eugene Smith and others to set aside the probate of a purported codicil or supplemental will of J. F. Smith, deceased. The motion was heard in the Superior Court upon appeal from the ruling of the clerk. From an adverse judgment movants appealed.

*Sharp & Sharp for appellants.*
*Hunter K. Penn and Junius C. Brown for appellee.*

DEVIN, J. There is no controversy as to the facts. They may be briefly stated as follows:

J. F. Smith died in Rockingham County seized and possessed of real and personal property, and his will was duly probated as a holographic will 10 November, 1938. The validity of this will is admitted. Therein

the testator made the following provisions: "I give unto my beloved wife Gladys Smith all of my property of every description and wherever found, the same to be used by her as she thinks proper, without restriction from any source, as long as she lives. At the death of my said wife, I give unto my two brothers, Darien and Eugene Smith, or their heirs, all of my property then remaining." This will was dated 10 October, 1921.

On 6 March, 1939, the widow propounded for probate a purported codicil or supplemental will of J. F. Smith, dated 15 April, 1932. This was admitted to probate in common form as a holographic will.

This last mentioned paper writing was in words and figures following:

"ASSETS OF J. F. SMITH, AT THIS DATE, APRIL, 15, 1932:
"One-half owner Smith-Pinnix Warehouse building, lot and fixtures.
One-half owner of Walters lot on Wentworth Road.
One-third interest in farm in Henry Co., Va.
Deed of trust on Eugene Smith's interest in above farm (467.00)
(Note $50.00)
Jesse Comer, Chattel Mortgage
L. F. Manley,
W. N. Duke Estate, note and canceled check
(As evidence Note $100.00 check $75.00).

| | |
|---|---|
| H. P. Clifton Note.................................................................... | 90.00 |
| Junior Order.......................................................................... | 750.00 |
| Penn Mutual........................................................................... | 1,200.00 |
| Life Ins. Mutual Benefit........................................................ | 2,000.00 |
| (Buck Comer, ck.)................................................................. | (25.00) |
| (Cash in Bank of Reidsville)................................................... | (900.00) |

LIABILITIES:

| | |
|---|---|
| Bank of Reidsville, note secured by life Ins............................ | $1,900.00 |
| "    "    ½ of $3,600.00 secured by deed of trust ... | 1,800.00 |

TOTAL LIABILITIES....  ..................... . . .... .. .........$3,700.00

"(All of the above property is willed to my wife, Gladys G. Smith without reservation and any other property now owned by me.)
"(This April 15, 1932)

(J. F. Smith)"

Only the portions of this paper writing enclosed in parentheses were in the handwriting of J. F. Smith. The other portions were typewritten.

On 14 October, 1939, Eugene Smith and the heirs of Darien Smith, after notice to the widow, entered motion before the clerk to set aside the probate of the purported codicil or supplemental will, on the ground that this was not a will, was not in the handwriting of the testator, and that the paper writing was erroneously and improvidently admitted to probate as a will.

The order of the clerk setting aside the probate of this instrument was overruled in the Superior Court, the trial judge being of opinion that after the paper writing had been probated in common form the clerk was without authority later to revoke this action under the circumstances of this case. The appeal to this Court by movants presents for review this ruling of the court below.

From a consideration of the facts as they appear of record, we think the learned judge who heard this matter was in error. The power of the clerk, in proper cases, to vacate previous orders admitting wills to probate in common form has been frequently upheld by this Court. In the case of *In re Meadows,* 185 N. C., 99, 116 S. E., 257, *Hoke, J.,* speaking for the Court, used this language: "It is the approved practice in this jurisdiction that courts having power to admit wills to probate may, in proper instances and on motion and due notice made in apt time, set aside the proof of a will in common form had before them and recall letters of administration or other orders made in such proceedings, or modify same, where it is clearly made to appear that their adjudications and orders have been improvidently granted, or the court has been imposed upon or misled as to the essential and true conditions existent in a given case."

This statement of the law is supported by the holding in *In re Johnson,* 182 N. C., 522, 109 S. E., 373; *Dickenson v. Stewart,* 5 N. C., 99; *Redmond v. Collins,* 15 N. C., 430; *Edwards v. Edwards,* 25 N. C., 82; *Hyman v. Gaskins,* 27 N. C., 267; *Armstrong v. Baker,* 31 N. C., 109; *Springer v. Shavender,* 116 N. C., 12, 21 S. E., 397; *Clark v. Homes, Inc.,* 189 N. C., 703 (711), 128 S. E., 20; *Moore v. Packer,* 174 N. C., 665, 94 S. E., 449; *Bank v. Bridgers,* 207 N. C., 91 (95), 176 S. E., 295.

In this instance we think the paper writing presented 6 March, 1939, was improvidently admitted to probate in common form. An examination of the instrument leads us to the conclusion that it was not in form sufficient to be entitled to probate as a holographic will. The words written by J. F. Smith on the typewritten statement of his assets in 1932 are insufficient of themselves to constitute a valid will. The reference to property as "willed to my wife" apparently related to his will dated 10 October, 1921. The *animus testandi* does not appear. That J. F. Smith intended this paper to constitute a new or different disposition of his property is negatived by the context and purport of his written

words, and by the character of the situation in which they are found. *In re Perry,* 193 N. C., 397, 137 S. E., 145; *In re Will of Johnson,* 181 N. C., 303, 106 S. E., 841; *Spencer v. Spencer,* 163 N. C., 83, 79 S. E., 291; *Alston v. Davis,* 118 N. C., 202, 24 S. E., 15. Words not in the handwriting of the testator are essential to give meaning to the words used. *In re Will of Parsons,* 207 N. C., 584, 178 S. E., 78; *In re Will of Lowrance,* 199 N. C., 782, 155 S. E., 876.

The construction of the will dated 10 October, 1921, which was properly admitted to probate, is not involved in this appeal, and we express no opinion as to the legal effect of the language in which its provisions are expressed.

For the reasons stated, we conclude that the ruling of the court below on the motion must be

Reversed.