## IN RE WILL OF MRS. W. W. WALLACE.

### (Filed 21 May, 1947.)

**1. Wills § 25—**

> A paper-writing probated as a holograph will had the day, date and year printed on its face, with changes in the date and year in script. There was evidence that the changes were in the handwriting of the deceased. *Held:* An instruction that a holograph will is not required to be dated and that if the written words appearing in the handwriting of the deceased were sufficient within themselves to express dispositive intent, the mere presence of the printed words and figures, not essential to the meaning of the words in writing, would not perforce destroy the testamentary character of the script, is without error.

**2. Appeal and Error § 39f—**

> A *lapsus linguae* on an immaterial aspect of the case which could not have affected the result cannot be held for reversible error.

**3. Wills § 25—**

> Where the court has properly submitted to the jury conflicting evidence as to whether the paper-writing probated and every part thereof is in the handwriting of deceased, an inadvertence in directing a verdict on a subsequent issue as to whether the paper-writing was executed according to the formalities of the law, in the light of the jury's affirmative finding to the previous issue, is not held for reversible error.

APPEAL by caveators from *Alley, J.,* at November Term, 1946, of MECKLENBURG.

Issue of *devisavit vel non* raised by a caveat to the holograph will of Mrs. W. W. Wallace.

On 4 December, 1945, the Clerk of the Superior Court of Mecklenburg County admitted to probate in common form the following script:

"1942

(July 1940) 2
(Thursday 4) 3

"My Birthday 66 years old all so glad when I die   I no that they want all my money   I am hungry now   My money is all in land not but one child has helped me   that is Allene Wallace she has spent money for me and helped papa Eight hundred dollars to berrie her sister   its offul to have such mean children in this world   I want Everything I leave given to Allene   she sure deserves it in full

MRS W W WALLACE"

Thereafter, ten of Mrs. Wallace's twelve living children filed a caveat alleging: (1) undue influence, and (2) mental incapacity.

The matter was thereupon transferred to the civil issue docket, and upon the hearing the jury sustained the paper-writing as the last will and testament of the deceased.

From judgment on the verdict, the caveators appeal, assigning errors.

*Henry L. Strickland and J. C. Sedberry for propounders, appellees.*
*Morgan B. Gilreath and Ralph V. Kidd for caveators, appellants.*

STACY, C. J. The will in question was written in a small notebook or diary. At the top of the page on which it appears are the printed words and figures, "July 1940 Thursday 4." Over the figure "0" in the "1940" the figure "2" is written and across the "4" after the word "Thursday" the figure "3" is written. The evidence tends to show that these written changes of the printed figures were in the handwriting of Mrs. Wallace, as well as the balance of the paper-writing.

On the hearing, the jurors were hesitant to answer that "the paper writing and every part thereof" was the holograph will of Mrs. W. W. Wallace, because of the printed words and figures appearing thereon. The court thereupon instructed the jury that a holograph will was not required to be dated, or to indicate where it was prepared, and that if the written words appearing in the handwriting of the deceased were sufficient within themselves to express her dispositive intent, the mere presence thereon of printed words, not essential to the meaning of the words in writing, would not perforce destroy the testamentary character of the script. To this instruction, the caveators objected and have assigned the same as error.

The principal question presented by the appeal is the correctness of the foregoing instruction. It was taken from the case of *In re Will of*

*Lowrance,* 199 N. C., 782, 155 S. E., 876, and is supported by what was said therein. The decisions in *Alexander v. Johnston,* 171 N. C., 468, 88 S. E., 785, and *In re Jenkins' Will,* 157 N. C., 429, 72 S. E., 1072, likewise support the position. In accord, also, are the pertinent decisions in other jurisdictions. *In re Yowell's Estate,* 75 Utah, 312, 285 P., 285; *Blankenship v. Blankenship,* 276 Ky., 707, 124 S. W. (2d), 1060.

Nor is the case of *In re Wall's Will,* 216 N. C., 805, 5 S. E. (2d), 937, at variance with the above decisions. There, the jury found that the alteration was significant and not in the handwriting of the alleged testatrix. A similar result would have followed here, had the jury found the presence of the printed words essential to the meaning of the words in writing.

Moreover, the will was not formally challenged on this ground. The basis of the caveat is undue influence and mental incapacity.

In answering a question of one of the jurors in which he stated the will was made in 1943, the court inadvertently replied: "The purported will was made in 1942." This was a *lapsus linguae,* but it is not perceived wherein it was hurtful. We regard it as a harmless inadvertence.

On the issue as to whether the paper-writing was "executed according to the formalities of law," the court directed a verdict for the propounders. This was also an inadvertence in the light of the testimony of Mrs. Marjorie W. Wents that the entire script was not in the handwriting of her mother, the deceased. However, as the jury had already found, under proper instructions and in answer to a prior issue, that the "paper-writing and every part thereof" was in the handwriting of the deceased, it would seem that this latter instruction should not be held for reversible error.

Considering the record in its entirety, we conclude that no prejudicial error has been made to appear.

The verdict and judgment will be upheld.