IN RE WILL OF MARY ELKINS GOODMAN, DECEASED.

(Filed 10 November, 1948.)

**Wills §§ 9½, 12—**

> Where a duly attested typewritten will has interlineations in the body thereof and a paragraph added at the end thereof in the handwriting of testatrix, and the instrument is again signed by her, and the written words are sufficient in themselves to express testamentary intent and manifest no intent to revoke the will as a whole, and are not so inconsistent with the provisions of the will as to constitute a revocation, the written portions will be upheld as a holograph codicil to the will upon proper proof of the handwriting of the testatrix and that the instrument was found among papers regarded by testatrix as valuable.

BARNHILL, J., dissents.

APPEAL by caveator from *Pless, J.,* June Term, 1948, of CABARRUS. No error.

Issue of *devisavit vel non.*

The execution of the typewritten paper propounded as the last will and testament of Mary Elkins Goodman was proven by the two subscribing witnesses in accordance with the statute G.S. 31-3. This paper showed two interlineations and an additional paragraph at the bottom written with pen and ink in the handwriting of the testatrix, and signed again by her, and found among her valuable papers. The pen and ink portions were as follows: "To my nephew Burns Elkins 50 dollars"; at the end of paragraph 5, "Mrs. Stamey gets one-half of estate if she keeps me to the end"; and at the bottom of the paper, "My diamond ring to be sold if needed to carry out my will, if not, given to my granddaughter Mary

Iris Goodman," and signed again "Mary E. Goodman." The additional words were proven by three credible witnesses to be entirely in the handwriting of the testatrix.

Exception was noted to the instruction given by the court to the jury that the fact that the will is partly typewritten and partly in the handwriting of the deceased did not, standing alone, constitute a revocation or destruction of it, and that if the jury found by the greater weight of the evidence that the pen and ink part of the will was in the handwriting of Mrs. Goodman, and that her genuine signature was attached to the pen and ink part, and the paper as thus written was found among her valuable papers, that would be valid as a holograph codicil to the will, and if the jury so found they should answer the issue yes.

The jury answered the issue in favor of the propounders, and from judgment on the verdict, the caveator appealed.

*Luther T. Hartsell, Jr., for appellees.*

*Morton & Williams and Bernard W. Cruse for appellant.*

DEVIN, J. The paper writing propounded as the will of Mary Elkins Goodman was duly proven in accordance with the statute, G.S. 31-3, by the subscribing witnesses to the typewritten portion and by proof of the handwriting of the testatrix as to the written portions offered as a holograph codicil. But the caveator assigns error in the ruling of the court below that the writing by pen and ink on the typewritten will, which writing was entirely in the handwriting of the testatrix and again signed by her and found among her valuable papers, was sufficient, if so found by the jury, to constitute a valid holograph codicil.

It is apparent that the pen and ink additions to the typewritten paper and the paragraph at the bottom, being all in the handwriting of the testatrix and signed by her, manifested no intent to revoke the will, but rather assumed that in all other particulars the will should remain in full force and effect. *Boyd v. Latham,* 44 N. C. 367. These additional provisions are not so inconsistent with the provisions of the will as to constitute revocation, nor was there evidence of intent on the part of the testatrix to revoke the will but rather that every part of it should stand as her will. *In re Will of Roediger,* 209 N. C. 470, 184 S. E. 74, 57 A. J. 326-331.

The appeal presents the question whether an addenda in the handwriting and over the signature of the testatrix written on the face of the typewritten attested will may be upheld as a holograph codicil thereto.

That there may be a partial revocation of a clause in the will by a holograph codicil executed and proven in the manner the statute prescribes was upheld in *In re Love,* 186 N. C. 714, 120 S. E. 479. "A

codicil imparts not a revocation, but an addition, or explanation, or alteration of a prior will in reference to some particular, and assumes that in all other particulars the will is to be in full force and effect." *Baker v. Edge*, 174 N. C. 100, 93 S. E. 462. The codicil and the will considered together as a whole constitute the final disposition of testator's property. *Albright v. Albright*, 172 N. C. 351, 90 S. E. 303. In *In re Love, supra*, where some written words in the attested will were erased by inkmarks, it was held that in any of the modes prescribed by the statute (now G.S. 31-5) "there may be a partial revocation of a will," the modes specified including holograph will.

While the derivative and applied meaning of the word holograph indicates an instrument entirely written in the handwriting of the maker, this would not necessarily prevent the probate of a will where other words appear thereon not in such handwriting but not essential to the meaning of the words in such handwriting. *In re Will of Wallace*, 227 N. C. 459, 42 S. E. (2) 520; *In re Will of Parsons*, 207 N. C. 584, 178 S. E. 78; *In re Will of Lowrance*, 199 N. C. 782, 155 S. E. 876; *Hill v. Bell*, 61 N. C. 122, 61 A. L. R. 398. But where words not in the handwriting of the testator are essential to give meaning to the words used, the instrument will not be upheld as a holograph will. *In re Smith*, 218 N. C. 161, 10 S. E. (2) 676.

In *In re Will of Thompson*, 196 N. C. 271, 145 S. E. 393, among the valuable papers of the decedent were found not only an attested will but also the note of one Howerton, for $500, payable to the testator, on the back of which the testator had written and signed in his own handwriting an assignment to his wife "at my death." This was held a valid codicil to the will and its probate with the attested will upheld.

Here, the typewritten will signed by the testatrix and attested in accordance with the statute was a valid expression of testamentary intent. The additional words placed by her on this will written in her own handwriting and again signed by her are sufficient, standing alone, to constitute a valid holograph will; that is, the legacy of $50 to Burns Elkins, the devise of one-half of her estate to Mrs. Stamey, and the bequest of the diamond ring to Mary Iris Goodman are sufficiently expressed to constitute a valid disposition of property to take effect after death. These additional words were written, signed, and proven in strict conformity to the statute. Clearly, this addition to her previously executed will manifests the final disposition she wished made of her property. Does her purpose fail because the additional words were written upon the attested paper? We think not. The final paragraph written and signed by her appearing at the bottom of the typewritten will is a valid codicil. And for the same reason we think the written words appearing several lines above should be considered a part thereof and included within codicil

LEE v. CHEMICAL CORP.

written and signed just below.   The position of words or the signature in a holograph will are not usually material.   *Paul v. Davenport,* 217 N. C. 154, 7 S. E. (2) 352; *Peace v. Edwards,* 170 N. C. 64, 86 S. E. 807.

We think the intention of the testatrix to provide something in her will for Burns Elkins and Mary Iris Goodman, and to increase the provision for Mrs. Stamey, expressed in the unmistakable manner here apparent, should be considered together as a valid holograph codicil to the will and provable as such.

In the case of *In re Will of Roediger,* 209 N. C. 470, 184 S. E. 74, where the testator made pencil interlineations and marginal notes on a typewritten attested will, it was held the paper was properly probated after eliminating the pencil notations.   But it did not appear in that case that the testator signed the pencil notations or manifested intent that they should be regarded as part of or codicil to his will.

We think the instructions given by the court to the jury were correct on the evidence presented, and that the verdict and judgment should be upheld.

No error.

BARNHILL, J., dissents.