**DEAN et al. v. DICKEY et al.**

**No. 4662.**

Court of Civil Appeals of Texas. El Paso.
Sept. 28, 1949.

Rehearing Denied Oct. 26, 1949.

Burroughs & Bain, Centerville, Holliday & Sims, El Paso, for appellants.

Kemp, Smith, Brown, Goggin & White, El Paso, for appellees.

McGILL, Justice.

The sole question presented by this appeal is whether a typewritten instrument of testamentary character typed wholly by Trollis Dell Dickey on June 12, 1945, and intended by him to be his last will and testament, and signed by him and one witness in ink, is entitled to probate as the holographic will of the said Trollis Dell Dickey, Deceased. The trial court affirmed the order of the County Court denying probate of the instrument, and this appeal has been duly perfected.

The Statutes applicable on June 12, 1945, are the following: Vernon's Texas Civil Statutes:

Art. 8283: "Every last will and testament except where otherwise provided by law, shall be in writing and signed by the testator or by some other person by his direction and in his presence, and shall, if not wholly written by himself, be attested by two or more credible witnesses above the age of fourteen years, subscribing their names thereto in the presence of the testator."

Art. 8284: "Where the will is wholly written by the testator the attestation of the subscribing witnesses may be dispensed with."

Art. 3344: Sec. 4: "If the will was wholly written by the testator, by two witnesses to his handwriting, which may be made by affidavit taken in open court and subscribed to by the witnesses, or by deposition."

These Statutes construed together leave no room for doubt that the language employed in Art. 8283 "if not wholly written by himself"; in Art. 8284 "wholly written by the testator" and in Art. 3344, Sec. 4 "if the will was wholly written by the testator, by two witnesses to his handwriting", require that the words "wholly written" used in these Articles be construed to mean wholly written in the handwriting of the testator. Art. 8283 prescribes the requisites of a holographic will. Art. 8284 provides

that when those requisites have been complied with, attestation by subscribing witnesses may be dispensed with, while Art. 3344, Sec. 4 prescribes the character of proof necessary to prove such will. To give the identical language "wholly written" used in these Statutes the meaning for which appellants contend would render Art. 8283 and Art. 3344, Sec. 4, inconsistent and repugnant, since such interpretation would make it impossible to prove a typewritten will in the manner prescribed by Art. 3344, Sec. 4, i.e., by two witnesses to the handwriting of the testator.

Appellants concede that this case is one of first impression in this State, and that the construction for which they contend is contrary to the overwhelming weight of authority in other jurisdictions where similar Statutes have been construed, citing 68 C.J., p. 719, Sec. 402, and 57 Am.Jur. p. 433, Sec. 634. The reason for the rule laid down by these authorities is ably stated in Re Dreyfus' Estate, 175 Cal. 417, 165 P. 941, L.R.A. 1917F, 391:

"From time immemorial, letters and words have been written with the hand by means of pen and ink or pencil of some description, and it has been a well-known fact that each individual who writes in this manner acquires a style of forming, placing, and spacing the letters and words which is peculiar to himself and which in most cases renders his writing easily distinguishable from that of others by those familiar with it or by experts in chirography who make a study of the subject and who are afforded an opportunity of comparing a disputed specimen with those admitted to be genuine. The provision that a will should be valid if entirely 'written, dated, and signed by the hand of the testator,' is the ancient rule on the subject. There can be no doubt that it owes its origin to the fact that a successful counterfeit of another's handwriting is exceedingly difficult, and that therefore the requirement that it should be in the testator's handwriting would afford protection against a forgery of this character."

See also: Adams' Ex'x v. Beaumont, 226 Ky. 311, 10 S.W.2d 1106; and McNeill v. McNeill, 261 Ky. 240, 87 S.W.2d 367, where the statutory language "wholly written" under construction is identical with that of ours. However, appellants contend that a different interpretation should be given to Articles 8283 and 8284, supra, for two reasons: First, because of Sec. 3, Art. 23: "Definitions" of Title 1: "General Provisions" R.C.S., which provides:

" 'Written' or 'in writing' includes any representation of words, letters or figures, 'whether *by writing, printing or otherwise.*' " (Emphasis ours.)

Secondly: Because of the emergency clause of S.B. 328, enacted by the 50th Legislature, Acts of 1947, 50th Leg., Reg. Sess., Ch. 170, p. 275, which amended Articles 8283 and 8284 by substituting for the words "wholly written by himself" in Art. 8283, the words "wholly in the handwriting of the testator" and for the words "wholly written by the testator" in Art. 8284, the words "wholly written in the handwriting of the testator". The relevant portion of the emergency clause is "that under the present interpretation of the statute any form of writing including *typewriting, or printing or otherwise* (emphasis ours) is sufficient to constitute a will which leaves a dangerous and unsafe condition not properly protecting widows and orphans of this state". Section 3.

By the very terms of Art. 23, the meaning given the words "written or in writing" by Section 3 has no application where "a different meaning is apparent from the context". As above pointed out, Art. 8283–8284 and Art. 3344, Sec. 4, construed together leave no room for doubt as to the meaning of the words "wholly written" therein employed. Therefore, Art. 23, Sec. 3 has no application. For like reason, without application is the rule enunciated in Stanford et al v. Butler, 142 Tex. 692, 181 S.W.2d 269, loc. cit. 274(8, 9), 153 A.L.R. 1054:

" * * * where a later act implies a particular construction of an existing law, and particularly where the existing law is ambiguous or its meaning uncertain, interpretation of the prior act by the Legislature as contained in the later act is persuasive when a court is called upon to interpret the prior law."

Articles 8283 and 8284, when construed with Art. 3344; Sec. 4, are not ambiguous, nor is their meaning uncertain. Furthermore, when S.B. 328 was enacted there had been no decision by any appellate court of this State construing Articles 8283 and 8284 as declared in the emergency clause. From the similarity of the language emphasized it is probable that the Legislature erroneously assumed that Art. 23, Sec. 3 was applicable and controlling in its construction of Articles 8283 and 8284. For this additional reason, the above quoted rule is inapplicable.

The judgment of the trial court is affirmed.