MILLIGE RUPLEY POUNDS AND JOHN CLYDE POUNDS v. CONIE POUNDS LITAKER, JACOB ARCHIE POUNDS, ELLEN POUNDS PROPST, MARGARET LUCILLE POUNDS HOWARD, ELMA FLORENCE POUNDS SCHADT, ETHEL MAE POUNDS, FRANK POUNDS, CARL POUNDS AND EMILY POUNDS SWINK.

(Filed 11 June, 1952.)

**1. Wills § 8—**

While it is not required that a holographic will be dated or the place of its execution be stated therein, it is necessary that the testator's name be inserted in his own handwriting in some part of the instrument. G.S. 31-3, G.S. 31-18 (2).

**2. Same—**

Every word of a holographic will must be in the handwriting of testator, and while words printed on the paper will not invalidate the instrument but will be treated as surplusage if such printed words are not essential to the written words, printed words or letters may not be used to supply any essential part of the instrument.

**3. Same—**

Where dispositive words appears in the handwriting of deceased but her name is not written in any part of the instrument, her engraved monogram on the paper may not be used to supply the requisite signature, and the paper writing is ineffectual as a holographic will.

APPEAL by propounders from *Rousseau, J.,* March Term, 1952, of FORSYTH.

This is a proceeding instituted before the Clerk of the Superior Court of Forsyth County, North Carolina, to probate in solemn form a paper writing alleged to be the holographic will of Hattie Pounds Efird, deceased.

The purported will was written on the personal stationery of Hattie Pounds Efird, deceased. In the upper left-hand corner of the paper writing is an engraved monogram containing the letters "HEP," and the written portion thereof is as follows:

"It is my will and desire that the children of my brother Arthur B. Pounds do not participate in any way in the division of my estate—otherwise that my estate be divided according to the laws of the state of N. C.

"This the ............day of ....................1950."

The paper writing was found in a sewing basket belonging to Mrs. Efird along with a list of her furniture, her glasses, hearing aid, and a little thread.

An objection to the probate of the paper writing was filed with the Clerk of the Superior Court of Forsyth County by two nephews and a niece of the deceased, which raised the issue of *devisavit vel non*. The Clerk, however, proceeded to hear the evidence and entered an order refusing to admit the will to probate. An appeal was taken from the Clerk's ruling to the Superior Court.

When the cause came on for hearing, the trial judge held that the paper writing was not a valid will and instructed the jury that if they were satisfied from the evidence they had heard, that the evidence was true, it would be their duty to answer the issue "No." It was so answered and judgment entered accordant therewith.

The propounders appeal and assign error.

*Ratcliff, Vaughn, Hudson, Ferrell & Carter and Womble, Carlyle, Martin & Sandridge for propounders, appellants.*

*E. T. Bost, Jr., and H. W. Calloway, Jr., for caveators, appellees.*

DENNY, J. This appeal involves the question whether or not the engraved monogram of Mrs. Efird, which appears on the paper writing under consideration, may be construed to be her signature. If such monogram is insufficient as a signature within the meaning of the statute with respect to the execution of holographic wills, then it will be unnecessary to consider the other exceptions presented and argued.

It is provided by statute G.S. 31-18 that wills must be admitted to probate only in the manner prescribed therein. Sub-section 2 of this statute, among other things, provides, "In case of a holograph will, on the oath of at least three credible witnesses, who state that they verily believe such will and every part thereof is in the handwriting of the person whose will it purports to be, and whose name must be subscribed thereto, or inserted in some part thereof."

It is not required by our statute that a holographic will be dated or the place of its execution be stated therein. *In re Will of Lowrance,* 199 N.C. 782, 155 S.E. 876.

It is likewise held in the above case that where the "words appearing on a paper writing in the handwriting of the deceased person are sufficient, as in the instant case, to constitute a last will and testament, the mere fact that other words appear thereon, not in such handwriting, but not essential to the meaning of the words in such handwriting, cannot be held to defeat the intention of the deceased, otherwise clearly expressed,

that such paper writing is and shall be his last will and testament. . . .
The words in print appearing on the sheets of paper propounded in the
instant case are surplusage. They are not essential to the meaning of the
words shown by three credible witnesses to be in the handwriting of Mrs.
S. A. Lowrance. These words, without the printed words, are sufficient
to constitute a testamentary disposition of property, both real and per-
sonal." *In re Will of Parsons,* 207 N.C. 584, 178 S.E. 78; *In re Will of
Smith,* 218 N.C. 161, 10 S.E. 2d 676; *In re Will of Wallace,* 227 N.C.
459, 42 S.E. 2d 520; *In re Will of Goodman,* 229 N.C. 444, 50 S.E. 2d 34.

An instrument, however, may not be probated as a holographic will
where it contains words not in the handwriting of the testator if such
words are essential to give meaning to the written words of the testator.
*In re Will of Wallace, supra; In re Will of Smith, supra; In re Wall's
Will,* 216 N.C. 805, 5 S.E. 2d 837.

Our decisions are in accord with what is said in 57 Am. Jur., Wills,
section 634, page 433, *et seq.;* to wit, "The general rule under statutes
validating holographic wills is that every word in such a will must be in
the handwriting of the testator. . . . A will in the form of a holographic
instrument is invalidated by the appearance therein of words inserted by
a rubber stamp or in the handwriting of one other than the testator,
which have been adopted by him as a part of his will. An instrument
which contains printed matter is not entitled to probate as a holographic
will where the printed matter aids in expressing the intention of the
testator. . . . The mere fact the testator used a blank form whether of a
will or some other instrument does not invalidate an otherwise valid will
if the printed words may be entirely rejected as surplusage. . . . There
is however authorities to the effect that a testamentary instrument is
valid as a holographic will, although it contains words not in the hand-
writing of the testator, if such words are not necessary to complete the
instrument in the holographic form, and do not affect the meaning."

In the present case, if we treat the engraved monogram, which is not
in the handwriting of the testatrix, as surplusage, the propounders must
fail.

In view of the statutory provisions with respect to the probate of a holo-
graphic will, and our decisions pertaining thereto, we hold that the en-
graved monogram of the testatrix, appearing on the instrument offered
for probate in solemn form as her last will and testament, may not be
considered as a part thereof. The monogram is not in her handwriting
and may not be construed to be her signature within the meaning of G.S.
31-3 and G.S. 31-18, subsection 2.

The judgment of the court below is
Affirmed.