496 P.2d 605

In the Matter of the ESTATE of Frank N. MULKINS, Deceased.

Betty May ELKINS, Appellant,

v.

M. D. MULKINS, Appellee.

No. I CA–CIV I706.

Court of Appeals of Arizona, Division 1.

May 9, 1972.

Rehearing Denied June 7, 1972.

Review Denied July 13, 1972.

Gary Peter Klahr, Phoenix, for appellant.

Ivan Robinette, Phoenix, for appellee.

HATHAWAY, Judge.

We must decide whether a document written by the decedent, Frank N. Mulkins, on a stationer's will form is a valid holograph which can be admitted to probate under the laws of this state.[1] The trial judge relying upon In re Bower's Estate, 11 Cal.2d 180, 78 P.2d 1012 (1938) found the document was written by decedent but denied probate because it was written on a printed form. The instrument reads as follows (handwriting of decedent italicized):

"*NO BONDS REQUIRED.*

LAST WILL AND TESTAMENT

*/s/ Frank N. Mulkins*

In the name of God, Amen. I, *FRANK N. MULKINS,* of the City of *WICKENBURG,* County of *i LIVE IN YAVAPIA (sic)* State of *ARIZONA, (COUNTY)*

being of sound and disposing mind and memory, and not acting under duress, menace, fraud, or the undue influence of any person whomsoever, do hereby make, publish and declare this to be my LAST WILL AND TESTAMENT and revoke all other wills previously made by me.

FIRST,

*I hereby make my will to Lettie Smith as Sister now living in Flint Michigan at 2222 on Oaklahoma (sic) Ave. and Betty Hart Elkins at Rt. 1. Box 267 36 St. Just North of Southern Ave Phoenix Ariz. about a block. I have 10 acres on Rincon Road. The South 330 feet of the Northwest quarter of the Northeast quarter of Section Twenty six 26 of township eight 8 North range 5 West of the*

LASTLY, I hereby nominate and appoint

---

1. See Bessee v. Johnson, 17 Ariz.App. 172, 496 P.2d 598, (filed this date) for disposition of a similar problem.

*Gila and Salt River base and Meridian Yavapai* as Execu*ter* of this will *County of Arizona this 8 day of April 1966.*

IN WITNESS WHEREOF, I have hereunto set my hand this *8th day of* day of *April,* 196*6, at Wickenburg Ariz.*

*F. N. Mulkins*

Signed, sealed, published and declared to be the LAST WILL and TESTAMENT of . . ., the test . . . above named, in our presence, and at his request, and in his presence, and in the presence of each other, have hereunto subscribed our names as witnesses this *8th* day of *April* 196*6.*

```
................    residing at ...........
signature of witness
................    residing at ...........
signature of witness
................    residing at ...........
signature of witness"
```

■ Appellant argues that the instrument should be admitted to probate since "all of the key dispositive provisions, essential to the validity of the Will, are in the decedent's own handwriting." She contends that insofar as the handwriting on the will is concerned it satisfies A.R.S. § 14–123 (1956) which reads:

"A holographic will is one entirely written and signed by the hand of the testator himself. Attestation by subscribing witnesses is not necessary in the case of a holographic will."

Appellant urges us to adopt the surplusage theory in determining the instrument's validity as opposed to the intent theory. The difference in these theories is set out in T. Atkinson, Law of Wills § 75, at 357–58 (2d ed. 1953):

"The first has been called the intent theory and the result turns upon whether the testator intended the nonholographic matter as part of his will. If not the will, without the nonholographic words, is valid. But if the testator intended these words to be part of his will the entire instrument is invalid even though

the nonholographic matter was not necessary for an understanding of the will.

\*    \*    \*    \*    \*    \*

The rival doctrine may be called the surplusage theory. It disregards the nonholographic matter, provided that enough remains in the testator's hand to be given effect."

Language in the earlier Arizona cases suggests use of the intent theory. See Estate of Tyrrell, 17 Ariz. 418, 153 P. 767 (1915); Estate of Biehn, 41 Ariz. 403, 18 P.2d 1112 (1933). However, the most recent pronouncement by our supreme court in In re Estate of Morrison, 55 Ariz. 504, 103 P.2d 669 (1940) seems clearly to adopt the surplusage approach. The court there citing *Tyrrell* and *Biehn* stated:

"The important thing is that the *testamentary* part of the will be wholly written by the testator and of course signed by him.

\*    \*    \*    \*    \*    \*

All that was held in that case [*Biehn*] was that the testamentary part of the will should be wholly written by the testator." 55 Ariz. at 510–511, 103 P.2d at 672 (emphasis added).

We are guided by In re Estate of Morrison and believe the surplusage test of holographic will validity to have been adopted in Arizona.

■■ The reason for allowing a holograph to be admitted to probate is set out in Dean v. Dickey, 225 S.W.2d 999 (Tex. Civ.App.1949). After noting that each individual acquires a personal style of writing, the court stated:

" 'The provision that a will should be valid if entirely "written, dated, and signed by the hand of the testator," is the ancient rule on the subject. There can be no doubt that it owes its origin to the fact that a successful counterfeit of another's handwriting is exceedingly difficult, and that therefore the requirement that it should be in the testator's handwriting would afford protection against

.a forgery of this character.'" 225 S.W. 2d at 1000.

The purpose behind admitting the holograph is satisfied where the testamentary provisions and the signature of the testator are in his handwriting. In the instant case the printed words are not essential to the meaning of the handwritten words and cannot be held to defeat the intention of the deceased otherwise clearly expressed. Pounds v. Litaker, 235 N.C. 746, 71 S.E.2d 39 (1952). The handwritten language itself clearly sets out the decedent's intention. The precise question before us was similarly decided in Fairweather v. Nord, 388 S.W.2d 122, 124 (Ky.App.1965) the court holding:

> "This court is, therefore, of the opinion that that portion of the instrument written by the testatrix in her own handwriting is complete in itself; that the printed words are surplusage and that the written portion, without the printed words, is sufficient to constitute a testamentary disposition of all her property."

We note that In re Bower's Estate, supra, (decided under intent theory) relied upon by the trial judge, was overruled in In re Baker's Estate, 59 Cal.2d 680, 31 Cal.Rptr. 33, 381 P.2d 913 (1963). Although the court there did not specifically approve the kind of will herein, they did make some basic observations. The court observed that the policy of the law is toward a construction favoring validity in determining whether a will has been executed in conformity with statutory requirements; that the tendency of both courts and legislatures has been toward greater liberality in accepting a writing as a holographic will, and that courts should not adopt a strained construction to defeat what is clearly the desire of the testator.

In the case *sub judice* nothing in the printed form is relevant to the substance or essential to the validity of the holograph. We thereby reverse and remand this case for further proceedings consistent with this opinion.

. .

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.