THOMAS P. RAVENEL, EXECUTOR OF THE ESTATE OF FRANCES RANDOLPH ARCHER, DECEASED, v. FRANCES R. SHIPMAN; JOSEPH ARCHER RAVENEL; THOMAS P. RAVENEL, INDIVIDUALLY; BETSY A. FOWLER; FRANCES A. HULL; ANN A. DeNIO; WAINE ARCHER, JR.; ELIZABETH A. HUNGATE; CARRIE ARCHER ROBINSON; GLADE VALLEY SCHOOL, INC.; PEACE COLLEGE OF RALEIGH, INC.; BARIUM SPRINGS HOME FOR CHILDREN; THE PRESBYTERIAN HOME, INC.; NEWSWEEK, INC.

(Filed 24 July, 1967.)

**1. Wills § 31—**

Dispositive words may be implied when it cogently appears from the instrument that testator intended to dispose of the particular property by the will, but such words may not be implied merely to avoid intestacy or for any purpose other than to effectuate the intent of testator as gathered from the instrument.

**2. Wills § 29—**

Where partial intestacy would not be avoided even if the language of the will be interpreted as a testamentary disposition of the particular property in question, the presumption against partial intestacy has no application.

**3. Wills § 31—**

The holographic will in suit, after three pages directing disposition of the estate, contained two pages listing testatrix' possessions and a sixth page with signatures of testatrix and witnesses; on the back of the fifth page appeared a list of five charities with numbers opposite each. *Held:* The court may not supply dispositive words so as to constitute the words and figures on the back of page five a testamentary disposition of property, since a reading of the entire will does not necessarily import such intent.

**4. Wills § 8—**

Words and figures included in matter tendered for probate as a will are improvidently probated when they constitute no part of the testamentary instrument; when included in the probate, the proper remedy is a motion before the clerk to revoke the probate of such words and figures.

**5. Wills § 12—**

An instrument probated in common form is conclusive until set aside in a caveat proceeding unless the court has been imposed upon, misled, or some inherent or fatal defect appears on the face of the instrument.

**6. Wills § 8—**

Where the clerk has probated matter tendered as a will, he may revoke the probate of words and figures which are not a part of the testamentary instrument, but he may not exclude from probate matter on the basis of a construction of the instrument.

**7. Wills § 12—**

Where the clerk could have revoked probate of a part of the instrument on the ground of want of dispositive words so that such matter was not a part of the testamentary instrument, but the parties appeal from probate and the court adjudicates that such matter was void for uncertainty, the Supreme Court will not raise questions of jurisdiction *ex mero motu*, the result being correct whether the matter be treated as extraneous the testamentary instrument or as void for uncertainty.

APPEAL by defendants Glade Valley School, Inc.; Peace College of Raleigh, Inc.; Barium Springs Home for Children, and The Presbyterian Home, Inc., from *Clark, S.J.,* 1 August 1966 Non-Jury Civil Session of GUILFORD. This appeal was docketed in the Supreme Court as Case No. 695 and argued at the Fall Term 1966.

Civil action by the executor of the will of Miss Frances Randolph Archer to obtain instructions from the court with reference to the distribution of her estate. The parties stipulated the facts and waived a jury trial. This appeal involves only one item of (or notation on) the will.

Testatrix died 29 December 1965 at the age of 88. For one year before her death she was totally blind. She left a will, written entirely by her own hand on six pages of ruled loose-leaf notebook paper. On the front of each page, except the sixth, the words *Will of Frances R. Archer* appear at the top of the sheet. On the first page, after the preamble, testatrix gave directions with reference to her burial, the payment of inheritance taxes, and appointed plaintiff her executor. On pages 2 and 3, she made specific bequests of certain shares of stock to a sister and twelve nieces and nephews. Pages 4 and 5 were labeled respectively "My holdings January 1960" and "List of Holdings January 1963." These pages contained only a list of stocks and savings and loan accounts. On the back of page 5, the following item appears:

| "First Federal | |
| --- | --- |
| Glade Valley | 10000 |
| Peace College | 2000 |
| Newsweek (Blind) | 3000 |
| Barium Orphanage | 1000 |
| Pres. Home | 1000" |

Page 6 contains only signatures. Testatrix' signature is written 7¼ inches from the top of the page; the intervening space is entirely

blank. Beneath her signature are the signatures of three witnesses and the typed statement: "We witnessed the signatures of Frances R. Archer of the Presbyterian Home on Jan. 24, 1963."

With reference to the item on the back of page 5, it is stipulated that Glade Valley refers to Glade Valley School, Inc.; Peace College, to Peace College of Raleigh, Inc.; Newsweek (Blind), to Newsweek Talking Magazine, published by Newsweek, Inc.; Barium Orphanage, to Barium Springs Home for Children; Presbyterian Home, to The Presbyterian Home, Inc., in High Point, North Carolina.

Miss Archer's will was admitted to probate and letters testamentary issued to plaintiff on 7 January 1966. His inventory, filed on 14 April 1966, valued her estate at $130,087.34. It consisted entirely of cash, corporate stocks, and savings and loan accounts. One of the latter was an account in the amount of $10,000.00 in First Federal Savings & Loan Association of Durham, N. C. The inventory value of the specific bequests totaled $87,300.00. The will contained no residuary clause.

The complaint states the question which plaintiff requests the court to answer as follows: "Does the writing appearing upon the reverse side of the fifth page of the will of Frances Randolph Archer constitute a valid bequest or bequests to be paid by the executor?" The court answered this question No and entered judgment accordingly. The five corporations referred to in the item on the reverse side of page 5 excepted and appealed. Newsweek, Inc., however, did not perfect its appeal.

*Douglas, Ravenel, Hardy and Crihfield for plaintiff appellee.*

*York, Boyd & Flynn by David I. Smith for Glade Valley School, Inc., defendant appellant.*

*Cooke & Cooke for Peace College of Raleigh, Inc., defendant appellant.*

*Z. V. Turlington for Barium Springs Home for Children, defendant appellant.*

*Thornton H. Brooks for The Presbyterian Home, Inc., defendant appellant.*

SHARP, J. The theory of this action is that the item found on the back of page 5 of Miss Archer's will is a part thereof and that plaintiff is entitled to have the court construe this provision. Appellants concur in this theory and contend that, by implication, the item is a bequest to them of sums of money in the amount set opposite their respective names. Appellee, however, contends that the so-called bequest is void for indefiniteness.

The item in question contains no dispositive expression. That Miss

Archer knew the appropriate language to use in making a testamentary gift is shown in each of the bequests appearing on pages 2 and 3 of her will. In every instance, she wrote: "I bequeath . . .," "I give . . .," or "I leave. . . ." It would be necessary for us to imply one of these phrases to make a bequest out of the notation on the reverse side of page 5. "(T)he doctrine of devise or bequest by implication is well established in our law." *Finch v. Honeycutt,* 246 N.C. 91, 98, 97 S.E. 2d 478, 484. The law, however, does not favor either, and dispositive words will be interpolated "only when it cogently appears to be the intention of the will. (Cites omitted.) Probability must be so strong that a contrary intention 'cannot reasonably be supposed to exist in testator's mind,' *and cannot be indulged merely to avoid intestacy."* (Emphasis added.) *Burney v. Holloway,* 225 N.C. 633, 637, 36 S.E. 2d 5, 8; 57 Am. Jur., Wills § 1153 (1948).

Intestacy would not be avoided here even were we to imply the missing words. The sum of the figures appearing in the item under consideration is $17,000.00. This, plus the $87,300.00 bequeathed, would still leave $25,787.34 to be distributed to the heirs at law under the statutes governing intestate succession. The presumption against partial intestacy (which is but a rule of construction) does not arise therefore. See *Entwistle v. Covington,* 250 N.C. 315, 108 S.E. 2d 603. Unless we imply dispository words the names and figures on the back of page 5 are mere notations — a status which their location strongly suggests. The explanation of their presence there could be that, because of her failing eyesight, testatrix did not realize that she had made notes on the back of her will. It is also entirely possible that Miss Archer contemplated making bequests to appellants and that, when she signed the will on 24 January 1963, she left the blank space above her signature on the last page for the purpose of adding them. All this, however, is pure speculation. "Conjecture is not permitted to supply what the testator has failed to indicate." *La Mere v. Jackson,* 288 Mich. 99, 103, 284 N.W. 659, 661. Although she lived three years (lacking two days) after she executed her will, testatrix never filled in the blank. The list of those on whom she had specifically bestowed gifts continued to be limited to her blood kin.

We cannot say, therefore, that "a reading of the whole will produces a conviction that the testator must necessarily have intended an interest to be given which is not bequeathed by express and formal words." *Burcham v. Burcham,* 219 N.C. 357, 359, 13 S.E. 2d 615, 616. Such a conviction is necessary before the court may supply a defect of dispository words. Without either express or implied words denoting a gift, the item in question fails as a testamentary disposition of property. *In re Johnson,* 181 N.C. 303, 106 S.E. 841;

1 Wiggins, Wills and Administration of Estates in North Carolina § 74 (1964). If it be deemed a part of Miss Archer's will, it is void for uncertainty, because, in applying the usual rules of construction, the Court "is unable to declare the intention of the testator for the reason that in legal contemplation there was no expression of intention on his part." *Fuller v. Hedgpeth*, 239 N.C. 370, 376, 80 S.E. 2d 18, 22; 94 C.J.S., Wills §§ 157, 591 (1956). In the instant case, this is another way of saying that the *animus testandi* does not appear.

If the questioned item was not intended as a part of Miss Archer's will, its probate was improvidently granted and motion should have been made before the Clerk of the Superior Court to revoke its probate. Once a paper writing has been probated as a will, every part of it stands until set aside by the appropriate tribunal. G.S. 31-19. 1 Wiggins, *supra*, § 113; 4 Strong, N. C. Index, Wills § 8 (1961). Unless the court has been imposed upon, misled, or some inherent or fatal defect appears upon the face of the instrument, the attack must be by caveat. *In re Will of Puett*, 229 N.C. 8, 47 S.E. 2d 488; *In re Will of Hine*, 228 N.C. 405, 45 S.E. 2d 526. Where, however, the Clerk of the Superior Court has probated as a will a document which has not been executed in accordance with the statutory requirements for probate or which shows on its face that it was not intended as a testamentary disposition of the author's property, or when other jurisdictional requirements for probate are shown to be lacking, the Clerk may revoke his probate. *Morris v. Morris*, 245 N.C. 30, 95 S.E. 2d 110; *In re Will of Smith*, 218 N.C. 161, 10 S.E. 2d 676; *In re Johnson*, 182 N.C. 522, 109 S.E. 373; *Springer v. Shavender*, 116 N.C. 12, 21 S.E. 397. Since the Clerk of the Superior Court of each county has original and exclusive jurisdiction of proceedings to probate a will, G.S. 28-1, he is the tribunal to which a motion is properly made to set aside the probate of a purported will — or part thereof — for any inherent and fatal defect appearing upon the face of the instrument. *In re Will of Smith, supra.*

This case presents a close question of jurisdiction. Had plaintiff moved the Clerk to revoke the probate of the item in question because the *animus testandi* was lacking as to it, his authority to strike the notation could have been sustained. *In re Will of Smith, supra.* The Clerk, however, has no right to exclude any part of a will from probate on any ground which involves the construction of the will where testamentary intent is disclosed. 95 C.J.S., Wills § 319 (1956). Since, however, the parties have treated the writing on the back of page 5 as a part of Miss Archer's will and asked the court to construe it, we treat it likewise and raise no question of jurisdiction *ex mero motu*. See *Spencer v. Spencer*, 163 N.C. 83, 88, 79 S.E. 291, 293. In this case, the law would dictate the same re-

sult irrespective of procedure. It matters not, therefore, whether the Clerk revoked the probate because the notation failed to disclose the *animus testandi* or whether the judge, in construing the will, declared the purported bequest void for indefiniteness.

The judgment of the Superior Court was "that the writing appearing upon the reverse side of the fifth page of the will of Frances Randolph Archer does not constitute a valid bequest or bequests to be paid by the executor to the defendants Glade Valley School, Inc., Peace College of Raleigh, Inc., Barium Springs Home for Children, The Presbyterian Home, Inc., and Newsweek, Inc., respectively, or to either of them." This judgment is

Affirmed.