LOUIE DEAN STEPHENS; JOHN F. STEPHENS, JR., AND WIFE, ANNE J. STEPHENS; SARA ANN STEPHENS (SINGLE); BESSIE STEPHENS WAGSTAFF (WIDOW); MABEL S. LONG (WIDOW); WILLIAM P. STEPHENS AND WIFE, HILDA S. STEPHENS; NORMAN B. STEPHENS AND WIFE, EVELYN STEPHENS; JAMES A. STEPHENS AND WIFE, SARAH P. STEPHENS; BERKLEY M. STEPHENS AND WIFE, CECIL B. STEPHENS; AND HARRIETT S. JOHNSTON AND HUSBAND, R. M. JOHNSTON, AND ALL OTHER HEIRS KNOWN OR UNKNOWN OF VIDA TIMBERLAKE v. NORTH CAROLINA NATIONAL BANK, EXECUTOR AND TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF JOHN ANDERSON TIMBERLAKE, DECEASED, AND JAMES M. LONG, VAN BARKER AND JOHN POOLE, TRUSTEES OF SEMORA (UNITED) METHODIST CHURCH; AND KENNETH GARRETT, C. C. ANDREWS, A. F. HICKS, SR., NATHAN HICKS, HAROLD T. BROOKS, AND J. C. WOODY, TRUSTEES OF HELENA METHODIST CHURCH

No. 7118SC561

(Filed 15 September 1971)

1. Wills § 28— interpretation of will — intent of testator

The intent of the testator remains the guiding star in the interpretation of a will.

2. Wills § 32— devise by implication

A bequest or devise may be made by implication, but the implication cannot rest on conjecture.

3. Wills § 31— testator's mistaken belief concerning homeplace — devise by implication

An article in testator's will which mistakenly asserted that the homeplace would go to his wife as the surviving tenant by the entirety, when in fact the record title to the homeplace was in the testator alone, was merely a declaration of the testator's belief that he and his wife owned the homeplace as tenants by the entirety and, in the absence

of any dispositive language in the will with respect to the homeplace, did not constitute a devise by implication to the wife; consequently, the homeplace passed to the testator's trustee under the residuary clause.

APPEAL by plaintiffs from *Olive, Emergency Judge,* 7 June 1971 Civil Session, Superior Court, GUILFORD County.

This action was brought pursuant to the provisions of G.S. 1-253 through G.S. 1-267 seeking a judgment declaring the rights of the parties in certain funds resulting from the sale of real property situate in Greensboro. The dispute is between the heirs of Vida Timberlake and the trustee under the trust created by the will of John Anderson Timberlake, husband of Vida Timberlake, who predeceased her. Resolution of the dispute requires interpretation of the will of John Anderson Timberlake.

The parties waived a jury trial and agreed that the court might find the facts and render its judgment thereon. The parties stipulated to the facts which were included in the Order on Final Pre-Trial Conference, and the stipulation of facts and exhibits referred to in the stipulation were attached to the judgment and incorporated therein by reference.

From the stipulated facts, it appears that certain real property on Friendly Avenue in the City of Greensboro was conveyed to John Anderson Timberlake in 1944 and that fee simple title to the property remained vested in him until his death on 22 May 1967. Until his death, he and his wife occupied as their home the property on Friendly Avenue. John Timberlake died testate and left surviving him his wife, Vida Timberlake. Both his parents predeceased him, and he left no issue surviving. After his death, Vida Timberlake continued to occupy the property as her home, paying the costs of maintenance thereof. She died testate on 20 December 1968, leaving all of her property "To my beloved husband, Anderson Timberlake, or should he predecease me, then to my heirs-at-law and next of kin according to the laws of the State of North Carolina then in force." Pursuant to the provisions of her will, her heirs-at-law, plaintiffs herein, took possession of the homeplace and negotiated a contract for the sale of the property. A title examination by the purchaser revealed that record title to the property was vested solely in John Anderson Timberlake, and the prop-

erty was not owned by the Timberlakes as tenants by the entirety as had been assumed by both testators and the executors of both estates and the trustee under the will of John Anderson Timberlake. The executor and trustee under the will of John Anderson Timberlake and the heirs of Vida Timberlake entered into an agreement that the sale should be consummated and the proceeds held in trust pursuant to the agreement until a determination by the court could be had as to the rightful owners of the real property. Defendants contend that the property is a part of the residuary trust created by Article Fourth of the will of John Anderson Timberlake. Plaintiffs contend that the language of section 6 of Article Fourth: "Upon my death my wife, Vida Timberlake, will be the owner of my homeplace, which is now held as an estate by the entirety . . . " , is sufficient to constitute a devise of the property to Vida Timberlake by implication, or in the alternative, that John Anderson Timberlake died intestate as to this property.

By its answers to the issues, the court held that John Anderson Timberlake did not devise the property to his wife and that title thereto passes to the North Carolina National Bank as trustee under the provisions of Article Fourth of the will of John Anderson Timberlake. Plaintiffs appealed.

*Alspaugh, Rivenbark & Lively, by James B. Rivenbark, for plaintiff appellants.*

*York, Boyd & Flynn, by A. W. Flynn, Jr., for defendant appellees.*

MORRIS, Judge.

[1] The intent of the testator remains the guiding star in the interpretation of a will. Justice Rodman, in *In re Will of Wilson,* 260 N.C. 482, 484, 133 S.E. 2d 189, 190 (1963), reiterated this basic rule:

"As said by Sharp, J., in *Trust Co. v. Bryant,* 258 N.C. 482, 128 S.E. 2d 758: 'The basic rule of construction, and the refrain of every opinion which seeks to comprehend a testamentary plan is that "[t]he intent of the testator is the polar star that must guide the courts in the interpretation of a will " ' Moore, J., said in *Poindexter v. Trust Co.,* 258 N.C. 371, 128 S.E. 2d 167: 'The intent of the testatrix

is her will and must be carried out unless some rule of law forbids it.' ''

**[2]** It is also a general rule of construction that a bequest or devise may be made by implication. 57 Am. Jur., Wills § 1192 (1948). This implication of a devise or bequest cannot, however, rest on conjecture. "[T]o raise such implication it must be necessary to do so in order to carry out a manifest and plain intent of the testator which would fail unless the implication is allowed." 57 Am. Jur., Wills § 1192, at 782 (1948) ; 4 Bowe-Parker: Page on Wills, § 3018 (3d ed. 1961).

> " '[T]he doctrine of devise or bequest by implication is well established in our law.' *Finch v. Honeycutt,* 246 N.C. 91, 98, 97 S.E. 2d 478, 484. The law, however, does not favor either, and dispositive words will be interpolated 'only when it cogently appears to be the intention of the will. (Cites omitted.) Probability must be so strong that a contrary intention "cannot reasonably be supposed to exist in a testator's mind," *and cannot be indulged merely to avoid intestacy.'* (Emphasis added.) *Burney v. Holloway,* 225 N.C. 633, 637, 36 S.E. 2d 5, 8; 57 Am. Jur., Wills § 1153 (1948)." *Ravenel v. Shipman,* 271 N.C. 193, 196, 155 S.E. 2d 484, 486 (1967).

**[3]** The will of John Anderson Timberlake first provided for the payment of debts. The next article directed the executors to pay estate and inheritance taxes from the principal of his estate except that his sister and brother should pay the taxes on the property received by them. By Article Three, testator devises to his sister and brother, or the survivor of them, certain real estate previously owned by his father and certain real estate previously owned by his mother, stating: "I am leaving my interest in the above described property to my sister and brother because it is my desire that said property remain in the Timberlake family and because *I am hereinafter leaving all the rest and residue of my property in trust for the benefit, use and support of my beloved wife, Vida Timberlake.*" (Emphasis supplied.) Article Fourth provides: "I hereby give, devise and bequeath all the residue and remainder of my property and worldly possessions of whatsover nature and wheresoever situated, both real and personal of which I shall be seized or possessed, or to which I shall in any way be entitled at my

death, to North Carolina National Bank of Greensboro, North Carolina, in trust . . . " Article Fourth, by its separate sections, proceeds to set out the duties and powers and authorities of the trustee and provides for the ultimate disposition of the trust estate. In section 6 of Article Fourth, we find the following language: "Upon my death my wife, Vida Timberlake, will be the owner of my homeplace, which is now held as an estate by the entirety, and she will have an income from the insurance upon my life, and such amounts as may be payable under Social Security." The trustee was directed to use the income from the trust and the principal, if necessary, to supplement his wife's income from these sources to the extent necessary to provide for her support and care and the maintenance of the homeplace. Section 7 of Article Fourth reiterated these directions and added, "and if practical, I would like for her present home to be maintained and to keep Miss Lilly Gates and Miss Lessie Dell Holman to look after my wife, since she loves them both and they have done such a splendid job looking after her for so many years." The fifth and last item of the will appointed executors.

Plaintiffs and defendants agree that this case is controlled by *Efird v. Efird,* 234 N.C. 607, 68 S.E. 2d 279 (1951). Plaintiffs contend that *Efird* requires the application of the devise by implication rule to the will of John Anderson Timberlake. Defendants, on the other hand, contend that testator's language in section 6 of Article Fourth is merely a declaration of testator showing that he believed that at his death his wife would own the homeplace by operation of law. Such a declaration, nothing else appearing, is not a gift or devise by implication. 4 Bowe-Parker: Page on Wills, § 30.18 (3rd ed. 1961), and cases there cited; *Efird v. Efird, supra.* We agree with defendants.

In *Efird* testator stated in Item III "Upon my death, if my wife, Maude Gray Efird, be living, she will automatically own our homeplace located at 224 Hermitage Road, Charlotte, North Carolina, and any other real estate that she and I may own as tenants by the entirety." Testator in the same item specifically gave to her any automobiles owned by him and his interest in the furniture and other tangible personal property contained in the residence. By Item IV he provided that after the personalty bequeathed to her by Item III had been given to her and she had received the realty owned by them as tenants by the entirety

and after payment of debts but before payment of taxes his wife should have ⅓ interest in all of his estate. In Item V he directed the payment of death taxes, properly chargeable against his estate "after all my debts shall have been paid, *and after the above properties shall have been given to my wife.*" (Emphasis added.) The Supreme Court noted that the "above properties" necessarily include the homeplace and said:

> "We are not inadvertent to the rule, which the appellants contend is controlling here, to the effect that where 'a testator erroneously recites that he has made some disposition of property belonging to him by an instrument other than the will, it is held that such recital is merely an incorrect description of an instrument extrinsic to the will and may not operate as a gift by implication.' 57 Am. Jur., Wills, section 1193, page 784. We think this rule would be applicable in the instant case if the plaintiff had to rely exclusively on the provisions of Items III and IV of the will. In these items, the testator does not refer to the real estate held by the entireties as a gift or devise, but merely as passing to his wife, but in Item V of the will he said: 'after the above properties shall have been given to my wife,' the various taxes, properly chargeable against the estate should be paid, and the remainder of his estate divided among his four children named therein.
>
> A careful consideration of the entire will leads us to the conclusion that in using the language contained in Item V of the will, the testator intended to give whatever interest he might have in the properties referred to in Items III and IV of his will, to his wife, and that such intention should be made effective."

We find no such intention in the Timberlake will. On the contrary, it appears abundantly clear that the intention of John Anderson Timberlake was to give *all* of his estate, except the lands given to his sister and brother, to a trustee for the sole purpose of caring for his wife and maintaining the homeplace, keeping employed the people who had looked after his invalid wife for some time. It is obvious that he was mistaken as to the true ownership of the homeplace and that he was under the impression that it would go to his wife by operation of law, and therefore, could not be by him included in his residuary estate to go to his trustee. It seems equally obvious that had he

realized the title to the property was vested in him, it would have been included in his residuary estate. He did expressly provide that his trustee should, if practical, maintain his wife's present home and also provided for the expenditure of funds for the "maintenance of the homeplace." Nowhere in the will is there the use of a dispositive word with respect to the homeplace. Throughout the will, the testator expresses his mistaken belief that the homeplace was owned by him and his wife as tenants by the entirety. A careful consideration of the entire will leads us to the conclusion that by using the language contained in Article Fourth of the will, testator did not intend to give whatever interest in the homeplace he had to his wife but that the language used was merely declaratory of his belief that the property was owned by them as tenants by the entirety and would, necessarily, pass to her by operation of law.

For the reasons stated herein, we hold that the court correctly found that testator did not devise the property in question to his wife and did not die intestate with respect thereto but that the property passed to the trustee to be administered under the provisions of Article Fourth of the will.

Affirmed.

Judges BRITT and PARKER concur.