**IN RE ESTATE OF BAUMANN**

[93 N.C. App. 782 (1989)]

IN THE MATTER OF THE ESTATE OF ELIZABETH SPANN BAUMANN

No. 8824SC752

(Filed 16 May 1989)

### 1. Wills § 30.1— vague bequest—presumption against intestacy inapplicable—bequest void

The trial court did not err in an action to interpret a holographic will by concluding that bequests of "a sum of money ( )" were void for vagueness where respondents' argument that the language in question should be construed as a residuary clause so as to avoid partial intestacy is meritless since such an interpretation would not prevent partial intestacy as to the real property; furthermore, no court may provide a dollar amount where the intent of the testatrix, taken from the four corners of the will, is uncertain.

### 2. Wills § 55— possessions—reference to personal property only

The trial court did not err in an action to interpret a holographic will by ruling that the use of the term "possessions" referred to the personal property of the testatrix and not to real property where the testatrix showed an intention to differentiate between personal property and real property by using the term "real estate" in another section of the will and the contrary interpretation was unlikely to have been the intent of the testatrix as gathered from the four corners of the will.

APPEAL by respondents from *Lamm, Judge.* Judgment entered 28 May 1987 in Superior Court, WATAUGA County. Heard in the Court of Appeals 17 April 1989.

This is a proceeding instituted by the administrators of the estate of Elizabeth Spann Baumann seeking interpretation of a holographic will. The pertinent portions of the will appear in the record as follows:

. . . do Will to . . . Mike [and] Jenefred Church a Sum of money ( ).

To my brother Fred C. Spann ½ of all my possessions [sic] to have and to hold.

**IN RE ESTATE OF BAUMANN**

[93 N.C. App. 782 (1989)]

> To Erline [and] Philip Spann my nephew [and] neice a Sum of money (     ) To Jr. Their Son . . . a Sum of money (   ). . . . To Billie Baumann—Fred C. Baumann nephew all Realestate [sic] in Mich. . . .

Following a hearing, the trial court entered a judgment making the following conclusions of law:

> 1. The attempted bequests in the will of Elizabeth S. Baumann, '. . . a sum of money (     ) . . . .', to Mike & Jenefred Church, Elaine & Philip Spann,' Jr. their Son', and Virginia Spann Green and Husband, fail for lack of a specific monetary figure and are void for vagueness.

> 2. Fred Spann—'possessions'—In making reasonable inferences as to the decedent's intent from within the four corners of her will, the Court concludes that the term 'Possessions' in the second paragraph of said will refers to the decedent's personal property and not any real estate, the decedent showing an intention to differentiate by using the term real estate in another section of her will.

The trial court then ordered that the Michigan real estate be granted to Billie Baumann, that one-half of testator's personal property pass to Fred C. Spann, and that the other one-half of the personal property and all remaining real estate pass by intestate succession under G.S. 31-42. Respondent Fred C. Spann and Diane S. Griffin, guardian ad litem for respondents Jenefred and Mike Church, appealed.

*Diane S. Griffin for respondents, appellants Jenefred and Mike Church.*

*Finger, Watson, Di Santi & McGee, by John A. Turner, for respondent, appellant Fred C. Spann.*

HEDRICK, Chief Judge.

[1] Respondents Jenefred and Mike Church and respondent Fred C. Spann have raised questions concerning the correct construction of testatrix' will. The intention of the testatrix as gathered from the four corners of the will is our controlling guide in such interpretation. *Campbell v. Jordan*, 274 N.C. 233, 162 S.E. 2d 545 (1968).

In this case, respondents Jenefred and Mike Church specifically contend the trial court erred in concluding that bequests of

**IN RE ESTATE OF BAUMANN**

[93 N.C. App. 782 (1989)]

"a sum of money (      )" made in the will were void for vagueness. We disagree. There is generally a presumption in construing a will that a testatrix did not intend to die intestate as to any part of his or her property. *Poindexter v. Trust Co.*, 258 N.C. 371, 128 S.E. 2d 867 (1963). However, where partial intestacy cannot be avoided even if language of the will is interpreted as disposing of the property in question, this presumption against partial intestacy cannot be applied. *Ravenel v. Shipman*, 271 N.C. 193, 155 S.E. 2d 484 (1967). For this reason, respondents' argument that the language in question should be construed as a residuary clause so as to avoid partial intestacy is meritless since such an interpretation would not prevent partial intestacy as to the real property.

Furthermore, the bequests of "a sum of money" along with a blank space bracketed by parentheses could hardly be construed as a residuary clause. We therefore agree with the trial court that such attempted bequests fail due to vagueness. Whether the testatrix chose to not provide for respondents or merely forgot to write amounts in the parentheses is irrelevant. No court may provide a dollar amount where the intent of the testatrix, taken from the four corners of the will, is uncertain. Respondents' argument is without merit.

[2]   Respondent Fred C. Spann argues that the trial court erred in ruling that use of the term "possessions" referred only to the personal property of the testatrix and not to real property, and that he is entitled to one-half of all real property as well as personal property. We agree with Judge Lamm's conclusion that the term "possessions" refers only to personal property since the testatrix showed an intention to differentiate between personal property and real property by using the term "real estate" in another section of the will. That the testatrix would devise one-half of her real property to respondent and then make specific devises of real property to others is unlikely to have been the intent of the testatrix as gathered from the four corners of the will. Respondent's argument is without merit.

The judgment of the superior court is affirmed.

Affirmed.

Judges WELLS and EAGLES concur.